John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE, PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff Dustin K. Adler

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN K. ADLER, an individual,<br><br>Plaintiff,<br>vs.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively,<br><br>Defendants.<br>_____<br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively,<br><br>Counterclaimants,<br>vs.<br>DUSTIN K. ADLER, an individual,<br><br>Counterdefendant.<br>_____ | Case No. 2:08-CV-01333-JAM-EFB<br><br>**COUNTER-DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR ABATE DECLARATORY RELIEF COUNTERCLAIMS**<br><br>Date: July 1, 2009<br>Time: 9:00 a.m.<br>Courtroom: 6<br><br>Honorable John A. Mendez |

Counterdefendant Dustin K. Adler (hereinafter "Adler") moves this Court to dismiss the Declaratory Relief Counterclaim asserted by RelyNet, Inc. and Michael DiCarlo (collectively herein "DiCarlo").

## I. INTRODUCTION

Adler moves, pursuant to FRCP Rules 12(b)(1) and 12(b)(6) to dismiss or abate DiCarlo's declaratory relief counterclaim on the following grounds.

On the same day that the state court, Judge Loren E. McMaster presiding, entered its order denying defendants' demurrer and motion to stay ("state court order" herein), the federal court, Judge John Mendez presiding, entered an order permitting defendants to amend their counterclaims to add a claim for declaratory relief ("federal court order"). The federal court order, however, was made on an apparent assumption or belief that the state court would adopt its tentative ruling, which tentatively granted DiCarlo's motion to stay the state court action. After entry of the federal court order, DiCarlo filed a motion for reconsideration of the state court order before Judge McMaster. That motion was denied. Declaration of Glenn W. Peterson ("Peterson Decl.") at ¶4. Adler filed a motion for reconsideration before Judge Mendez, which is set for hearing on June 3, 2009. Because of the overlap of legal and factual issues, we respectfully suggest that it may be appropriate to hear that motion concurrently with the instant motion to dismiss.

Whether or not the Court reconsiders its order allowing leave to amend, the law is amply clear that DiCarlo's declaratory relief counterclaim now must yield to the pending state action for declaratory relief. Stated simply, the federal declaratory relief claim is now subject to dismissal, stay or abatement under well-settled judicial policy which we shall explain below.

## II. LAW AND ARGUMENT

**A. A Federal Claim For Declaratory Relief Cannot Displace A Concurrent State Claim For Declaratory Relief; Nor Can Such Artifice Be Used To Circumvent The Limitations of Removal Jurisdiction**

It is not the purpose of the federal Declaratory Judgment Act ("DJA") to allow disputes arising in the course of state court litigation to be argued in the federal courts instead. "The object of the statute is to afford *a new form of relief* where needed, not to furnish *a new choice of tribunals* or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states.

[Citations]" *Shell Oil Co. v. Frusetta,* 290 F.2d 689, 692 (9th Cir. 1961) (emphasis ours). Nor, as the *Frusetta* panel noted is it the purpose of a federal declaratory relief claim ("DR claim") "to allow a party to obtain a change of tribunal and thereby accomplish in a given case what could not be accomplished under the Removal Act." *Id*. at 693. In closing, the panel observed:

> Basically these facts stand out: one party to a state court action announced in open court its intention to file cross-complaints against another party, and the latter party thereupon quickly filed a complaint for declaratory judgment in a federal court because it preferred the federal court and would not be able to get there by removing the proposed cross-complaints. In such a situation the oft-repeated words of the Seventh Circuit Court of Appeals in *American Automobile Ins. Co. v. Freundt,* 7 Cir., 1939, 103 F.2d 613, become applicable: 'The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. It was not <u>intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act</u>, and such would be the result in the instant case.' 103 F.2d at page 617; *Reiter v. Illinois Nat. Cas. Co.*, 7 Cir., 1954, 213 F.2d 946, 949; *H. J. Heinz Co. v. Owens,* 9 Cir., 1951, 189 F.2d 505, 508; *Thompson v. Moore,* 8 Cir., 1940, 109 F.2d 372, 374.

*Id*. (emphasis ours)

Such is the case here. In fact, the claims in the state court action are not now (and never were) removable to federal court. Well-settled law prevents circumvention of the rules governing removal jurisdiction, whether through an action for declaratory relief or otherwise. Several *Colorado River*[1] (abstention) cases discuss the importance of upholding the removal statute. See *American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d 1253, 1261 (stating that the district court was correct to dismiss plaintiff's federal suit on the ground that dismissal was necessary to prevent plaintiff "from making an end-run around the prohibitions against removal by a plaintiff."); *Gonzalez v. Cruz*, 926 F.2d 1, 4 (1st Cir.1991) (following *American Int'l* ); *Hoodco, Inc. v. United Capitol Insurance Co.*, 875 F.Supp. 541, 544 (S.D.Ill.1994) (indicating that when a resident state court defendant files a complaint in federal court, thereby circumventing the removal statute, a stay under *Colorado River* is appropriate); *Robinson v. Ruiz*, 772 F.Supp. 212, 216 (D.Del.1991) (stating that *Colorado River* dismissal is appropriate where party filed federal action after missing the time limit for removing the state court action, because to exercise jurisdiction would result in sanctioning

---

[1] We discuss *Colorado River* abstention, infra.

3

circumvention of the federal removal statute); *Fireman's Fund Ins. Co., Inc. v. PaineWebber Real Estate Securities, Inc.*, 690 F.Supp. 879, 882 (N.D.Cal.1988) (finding refusal to stay federal action would undermine policy of removal statute since instate insurer's filing of action in federal court looked like an attempt to avoid the limits of the removal statute); *Kent v. Cook,* 637 F.Supp. 1005, 1011 (N.D. Ind. 1986) (providing that defendant in state case should not be allowed to circumvent removal statute by simply filing federal claim after failing to remove case to federal court in timely fashion); *Fumero-Vidal v. First Federal Savings Bank,* 788 F.Supp. 1275, 1283 (D.P.R.1992) (holding that circumvention of the policy against plaintiff removal is a factor to consider).

Similar results have come about in patent infringement actions, notwithstanding the "exclusive" nature of federal jurisdiction in such cases. As noted in *Geni-Chlor Intern., Inc. v. Multisonics Development Corp.,* 580 F.2d 981, 984 (9th Cir. 1978):

> It is beyond dispute that the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, does not confer jurisdiction on a federal court to declare a patent invalid under 28 U.S.C. § 1338(a). The Act provides that a federal court may issue a declaratory judgment "in a case of actual controversy within its jurisdiction . . . ." (Emphasis added). Thus, a declaratory judgment must conform to traditional jurisdictional requirements. *Milprint,* supra, 562 F.2d at 421. Declaratory judgment merely provides procedural and remedial flexibility to the federal courts. It does not, however, extend their jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).
>
> Nonetheless, this court held in *Lear Siegler, Inc. v. Adkins*, 330 F.2d at 598, that the federal district court had jurisdiction under 28 U.S.C. § 1338(a) to hear a complaint seeking a declaratory judgment in which the plaintiff's purpose was "to test the validity of the appellee's (defendant's) patent and to establish that what Lear (plaintiff) is doing does not infringe the patent if it is valid." The fact that the plaintiff's action might reveal a contract between the parties relating to the patent did not preclude the complaint from setting forth an action "arising under" the patent laws. We did not stop there, however. <u>We further held that the declaratory judgment procedure should not be used as a device to bring within federal jurisdiction a controversy in litigation in a state court. As a consequence, we concluded that the federal district court acted properly in staying its proceedings until the final adjudication in the related state proceedings</u>.
>
> We hold the district court in this case should have followed the example of the *Lear* district court. To act otherwise under the circumstances of this case was an abuse of discretion.
>
> *Id*. (emphasis ours).

/ / /

/ / /

4

Because the state court has retained jurisdiction of the prior-filed action for declaratory relief, the same result is compelled here. Retaining jurisdiction in the District Court of the later-filed action for declaratory relief is inconsistent with the rules of law set forth above.

The fact that the state and federal actions "involve a common nucleus of operative facts" or that judicial efficiency would be promoted is not dispositive of the issue whether it is proper for a federal court to usurp state law claims in the vessel of a declaratory judgment action. As noted above, the object of the DJA is to afford *a new form of relief where needed*, not to furnish a new choice of tribunals or "to draw into the federal courts the adjudication of causes properly cognizable by courts of the states." *Shell Oil Co. v. Frusetta,* 290 F.2d at 692.

### B. The Federal DR Counterclaim Is Subject to Abstention In Deference To The Prior-Filed State DR Action, Under Well-Settled Federal Judicial Policies

The federal district courts ordinarily must apply the test outlined in *Colorado River Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), in determining whether to stay federal proceedings in favor of pending state court proceedings concerning the same subject matter. In declaratory relief cases, however, the test set forth in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), applies. See *Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1369 (9th Cir.1991); see also *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir.1991). Regardless of whether this Court applies the *Colorado River* or *Brillhart* doctrines, the outcome is the same. Abstention should apply to the federal declaratory relief claim and the state court declaratory relief action should be permitted to proceed without interference from the District Court. The court in *40235 Washington Street Corp. v. Lusardi,* 976 F.2d 587, 588-89 (9th Cir. 1992), addressed similar issues to those presented here:

> Here, WSC's complaint contains one count in which it seeks relief on the merits and one in which it seeks declaratory relief. Thus, WSC does not merely seek an interpretation of federal law; rather, it also seeks a remedy under federal law. Moreover, both counts involve the same potentially dispositive issue--the alleged violation of the automatic stay provision. We conclude that *Colorado River*, not *Brillhart*, is applicable in such circumstances.
>
> In *Colorado River*, the Court articulated four factors for determining whether sufficiently exceptional circumstances exist to warrant abstention: (1) whether either the state or federal court has exercised jurisdiction over a *res*; (2) the

5
POINTS AND AUTHORITIES SUPPORTING MOTION TO DISMISS OR ABATE COUNTERCLAIM

inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246-47; *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir.1989). In *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, the Court added two more considerations: (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties. *Moses H. Cone*, 460 U.S. 1, 24, 27, 103 S.Ct. 927, 941, 943, 74 L.Ed.2d 765 (1983); *Nakash*, 882 F.2d at 1415. We review the district court's application of the *Colorado River* factors for abuse of discretion. See *Nakash*, 882 F.2d at 1413.

Here, the first prong of the *Colorado River* abstention test is dispositive. In proceedings *in rem or quasi in rem*, the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed. *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247; *Donovan v. City of Dallas*, 377 U.S. 408, 411, 84 S.Ct. 1579, 1581-82, 12 L.Ed.2d 409 (1964).

Here, ownership of stock in the RelyNet corporation is the subject matter or *res* over which the state court has assumed jurisdiction. Thus, under the *Colorado River* doctrine of abstention, the District Court should stay or dismiss the counterclaim for declaratory judgment. Under *Brillhart*, the outcome is no different:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494-95 (1942).

### C. Well Settled Federal Law Requires Abstention

Federal standards dictate when declaratory relief is appropriate in federal court, even in cases under federal jurisdiction solely because of diversity of citizenship that do not involve a "federal question." *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir.1990); *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1332 (11th Cir.1989); see also 6A Moore's Federal Practice § 57.02[5] (1989); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2756 (1983). Thus, there is no doubt that the foregoing federal doctrines control DiCarlo's federal counterclaim for declaratory relief.

The federal court should, therefore, yield under the doctrine of abstention, first enunciated in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), to stay or dismiss a federal action because of a pending state action where, as in the case at bar, such action will avoid

duplicative litigation, promote sound and economical allocation of judicial resources, and remove any need for this court to resolve issues of state law.  See, e. g., *Entex Industries, Inc. v. Warner Communications,* 487 F.Supp. 46, 49 (C.D. Cal 1980).

Accordingly, the fate of these two DR actions now rests in the hands of this Court.  It will be up to the District Judge, applying federal law and policy, to determine whether the state and federal DR actions proceed concurrently, or whether stay or dismissal of the federal DR counterclaim is warranted under the foregoing authorities.

### III.   REQUEST FOR JUDICIAL NOTICE

We request judicial notice of the state court's order denying DiCarlo's motion to stay, and its subsequent order denying DiCarlo's motion for reconsideration.  Peterson Decl., ¶4.  We further request judicial notice of the Peterson Decl. filed 4/23/09 in support of Plaintiff's motion for reconsideration.

### IV.   CONCLUSION

For the foregoing reasons, the Court should now enter an order sufficient to stay or dismiss DiCarlo's declaratory relief counterclaim while plaintiff's state court declaratory relief action proceeds under the jurisdiction that has been retained—without interruption--by the state court.

DATED:  May 26, 2009　　　　　　　**COSTELLO LAW CORPORATION**

　　　　　　　　　　　　　　　　　　*-and-*

　　　　　　　　　　　　　　　　　　**MILLSTONE PETERSON & WATTS, LLP**
　　　　　　　　　　　　　　　　　　*Attorneys at Law*


　　　　　　　　　　　　　　　　　　By:　　　　/s/ Glenn W. Peterson
　　　　　　　　　　　　　　　　　　　　　　　GLENN W. PETERSON

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Dustin K. Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
/s/ Glenn W. Peterson