John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234; Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE, PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222; Fax No: (916) 780-8775
*Attorneys for Plaintiff/Counterdefendant*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN K. ADLER, an individual, | Case No. 2:08-CV-01333-JAM-EFB |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| vs. | |
| RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRANDS, INC., a Delaware Corporation, INTERMEDIA OUTDOORS, INC., a Delaware Corporation, VORTEX MEDIA GROUP, INC., a Delaware Corporation, and DOES 1 through 50, inclusively, | |
| Defendants. | |

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  To permit the parties to produce such sensitive information while safeguarding its confidentiality, parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order, which shall apply to, and govern, all documents, things, discovery responses, and testimony designated by

PDF created with pdfFactory trial version www.pdffactory.com

the disclosing party in good faith as constituting or containing Confidential or Highly Confidential Information or Items under the Protective Order

2.      DEFINITIONS

2.1     Party: All parties to this action and anyone else acting upon their behalf or at their direction or control, including, but not limited to, their officers, directors, employees, consultants, retained experts, as well as House Counsel and their support staff.

2.2     Discovery Material:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery.

2.3     "Confidential" Information or Items: All information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule Of Civil Procedure 26(c).

2.4     "Highly Confidential Information or Items:  All extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party:  a Party that receives Discovery Material from a Producing Party.

2.6     Producing Party:  a Party or non-party that produces Discovery Material in this action.

2.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential ."

2.8     Protected Material:  any Discovery Material that is designated as "Confidential" or as "Highly Confidential ."

2.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and their support staffs.

2

PDF created with pdfFactory trial version www.pdffactory.com

2.12   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DESIGNATING PROTECTED MATERIAL</u>

4.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify— so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the ease development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.  No party will indiscriminately or unreasonably stamp or maintain documents as Confidential or Highly Confidential, and in no event

3

PDF created with pdfFactory trial version www.pdffactory.com

will publicly available documents such as publications, patents, or file histories be stamped Confidential or Highly Confidential.

This Protective Order shall not apply to information which (a) is public knowledge, (b) is acquired in good faith and without subpoena from a third party having a right to disclose such information, (c) was or is discovered independently by the receiving party, or (d) is possessed by the receiving party prior to this action, unless that information was obtained under circumstances requiring the receiving party to treat it as confidential.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    <u>For information in & documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HlGHLY CONFIDENTIAL " at the top or bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") at the top or bottom of each page that contains Protected Material.

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

(b)      <u>For testimony given in deposition or in other pretrial or trial</u>

<u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record,

before the close of the deposition, hearing, or other proceeding, all protected testimony, and further

specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is

entitled to protection, and when it appears that substantial portions of the testimony may qualify for

protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

record (before the deposition or proceeding is concluded) a right to have up to 21 days to identify the

specific portions of the testimony as to which protection is sought and to specify the level of

protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").  Only those

portions of the testimony that are appropriately designated for protection within the 21 days shall be

covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court

reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or

presenting the testimony.

(c)      <u>For information produced in some form other than documentary, and</u>

<u>for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL."  If only portions of the information or item warrant protection, the

Producing Party, to the extent practicable, shall identify the protected portions, specifying whether

they qualify as "Confidential" or as "Highly Confidential."  In the event document or information

are produced in an electronic form, the Producing Party may affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" to the top or bottom of each page electronically, or, if that method is

impractical or unreasonable under the circumstances, to the disk, drive, or other medium on which

the electronic documents or information are stored.

4.3     <u>Inadvertent Failures to Designate</u>.    Inadvertent failure of counsel to

designate or mark any document, thing, or testimony as Confidential or Highly Confidential

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

Information as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated. The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring in writing with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6

PDF created with pdfFactory trial version www.pdffactory.com

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Notwithstanding any other provision of this Order, no Highly Confidential Information of the other party shall be brought onto or maintained on any premises owned or leased by, or otherwise under the control of the receiving party, whether such Highly Confidential Information is intangible, magnetic, electronic, or other machine-readable form.

6.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    The officers, directors,  House Counsel, and no more than three (3) non-officer employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    The Court and its personnel;

7

PDF created with pdfFactory trial version www.pdffactory.com

1    (e)    Court reporters, their staffs, and professional vendors to whom

2    disclosure is reasonably necessary for this litigation;

3    (f)    During their depositions, witnesses in the action to whom disclosure is

4    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

5    (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

6    Protected Material must be separately bound by the court reporter and may not be disclosed to

7    anyone except as permitted under this Stipulated Protective Order.

8    (g)    the author of the document or the original source of the information.

9    6.3    Disclosure of "HIGHLY CONFIDENTIAL Information or Items.  Unless

10    otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

11    may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

12    (a)    The Receiving Party's Outside Counsel of record in this action, as well

13    as employees of said Counsel to whom it is reasonably necessary to disclose the information for this

14    litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

15    hereto as Exhibit A;

16    (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

17    necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective

18    Order" (Exhibit A);

19    (c)    The Court and its personnel;

20    (d)    Court reporters, their staffs, and professional vendors to whom

21    disclosure is reasonably necessary for this litigation; and

22    (e)    The author of the document or the original source of the information.

23    7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

24    OTHER LITIGATION.

25    If a Receiving Party is served with a subpoena or an order issued in other litigation that

26    would compel disclosure of any information or items designated in this action as

27    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the

28    Designating Party, in writing (by e-mail, if possible) immediately and in no event more than five

8

PDF created with pdfFactory trial version www.pdffactory.com

court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    FILING PROTECTED MATERIAL

No information designated Confidential or Highly Confidential, nor any documents disclosing, reproducing, or paraphrasing, in whole or part, Confidential or Highly Confidential Information may be filed or submitted to the Court unless the submission complies with the procedures set forth in Local Rule 39-141for filing documents under seal.

STIPULATED PROTECTIVE ORDER
PDF created with pdfFactory trial version www.pdffactory.com

10.    TRIAL

If a Receiving Party wishes to use or disclose Protected Material of the Producing Party, as evidence at trial without the restrictions set forth in Sections 6 and 9 of this order, the Receiving Party shall seek to challenge the confidentiality designation pursuant to Section 5 of this order. Nothing in this order shall be construed to prohibit any Party from seeking further relief from the Court regarding the communication, use or disclosure of Protected Material during courtroom proceedings.

11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or

10

PDF created with pdfFactory trial version www.pdffactory.com

1  producing any information or item on any ground not addressed in this Stipulated Protective Order.

2  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

3  material covered by this Protective Order.

4

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6  DATED:  June ___, 2009                                    COSTELLO LAW CORPORATION

7

8                                                        By:_____
                                                            PAMELA WINSTON BERTANI
9                                                               Attorney for Plaintiff
                                                                 Dustin K. Adler
10

11  DATED:  June  ___, 2009                                 DICKINSON WRIGHT PLLC

12

13                                                       By:_____
                                                            Daniel D. Quick (pro hac vice)
14                                                               Attorney for Defendant
                                                             Intermedia Outdoors, Inc.
15

16  PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

17

18  DATED:  July 2, 2009                                _____/s/ John A. Mendez_____
                                                            JUDGE OF THE UNITED STATES
19                                                              DISTRICT COURT

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

**Exhibit A**

**Confidentiality Undertaking**

1.  I have read and understand the attached Agreed Protective Order concerning confidential information that has been entered in <u>Dustin K. Adler v. RelyNet, Inc., Michael DiCarlo, Internet Brands, Inc., Intermedia Outdoors, Inc., Vortex Media Group, Inc.,</u> Case No. 2:08-CV-01333 in the U.S. District Court for the Eastern District of California in Sacramento.

2.  I understand that I may be given access to Confidential or Highly Confidential Information, and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3.  I understand that I am to retain all originals and copies of the Confidential or Highly Confidential Information in a secure manner and that all copies will be destroyed or returned to the counsel who provided me with it within 60 days after termination of this action.

4.  I understand that I will not disclose or discuss Confidential or Highly Confidential Information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed a Confidentiality undertakings.

5.  I understand that all Confidential or Highly Confidential Information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of Confidential or Highly Confidential Information, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

Date:_____     Signature:_____

Position:_____     Name (print):_____

Firm Address:_____

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com