IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUSTIN K. ADLER,

       Plaintiff,                    No. CIV S-08-1333 JAM EFB

    vs.

RELYNET, INC., and
MICHAEL DICARLO,

       Defendants.             <u>ORDER AND ORDER TO SHOW CAUSE</u>

_____/

      Plaintiff's motions to compel discovery, Dckt. Nos. 85, 86, are currently scheduled for hearing before this court on September 23, 2009, at 10:00 a.m., in Courtroom No. 25. However, a review of the docket reveals that the motions may be untimely. On August 20, 2008, the district judge issued a Status (Pre-trial Scheduling) Order stating that all discovery in this action is to be completed by September 4, 2009. The Status Order further provides that "'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." Dckt. No. 13.

      On August 5, 2009, the district judge approved a stipulation and proposed order submitted by the parties, extending the discovery cutoff date from September 4, 2009 to September 30, 2009 "for the limited purpose of completing currently noticed depositions,

1  including the deposition of Dustin Adler, and for resolving any disputes that may arise relating to

2  the deposition of Dustin Adler before the discovery cutoff date."[1]  Dckt. No. 79.  It does not

3  appear from plaintiff's notices of motion that he is seeking to resolve disputes "relating to [his]

4  deposition."

5        This court has no authority to consider discovery motions after the close of discovery.

6  While plaintiff may file a motion to modify the scheduling order, the motion must be heard and

7  decided by the district judge.  Therefore, on or before September 8, 2009, plaintiff shall show

8  cause, in writing, why his motions to compel should not be denied, and the matters removed

9  from the September 23, 2009 calendar, as untimely.  Defendants may file a response thereto on

10  or before September 10, 2009.

11        Unless or until the court orders otherwise, the matters shall remain scheduled for hearing

12  on September 23, 2009.  However, the parties are hereby informed that, notwithstanding the

13  three days specified by E.D. Cal. L.R. ("Local Rule") 37-251, their joint statements re. discovery

14  disagreement shall be filed not later than *five* court days before the scheduled hearing, or by

15  September 16, 2009, at 12:00 p.m. (noon).  In the event the hearing is rescheduled, the joint

16  statements shall be due at the same time, not later than five court days before the rescheduled

17  hearing.

18        The joint statements shall comply with the content requirements of Local Rule 37-251 set

19  forth therein.  The parties are reminded of the necessity of meeting and conferring in good faith,

20  and attempting to resolve their discovery dispute prior to preparation of their joint statement.

21  For each disputed matter, the joint statements shall provide: (1) the specific disputed discovery

22  category or item; (2) the response; (3) the moving party's position; and (4) the opposition.  Do

23

24        [1]  Although the August 5 Stipulation and Order states that "[t]he extension of the
    discovery cutoff date . . . shall be construed to allow the service of any further discovery requests
25  that would otherwise have been untimely under the previous discovery cutoff date of September
    4, 2009," in light of the rest of the stipulation and order, which specifically address only the
26  deposition of Dustin Adler and discovery related thereto, it appears that the statement contains a
    typographical error and that the word "not" was inadvertently deleted after the word "shall."

2

not file separate briefing.

Privilege objections must comply with Federal Rule of Civil Procedure 26(b)(5).  Except in extraordinary circumstances, the party claiming privilege may not submit a post-hearing privilege log.  The failure to properly support a privilege objection with a privilege log may be deemed a waiver of that privilege objection.

The moving party is responsible for filing the joint statements.  The opposing parties nevertheless must timely draft and submit their portions.  Failure of any party to use best efforts to ensure timely filing will be cause for sanctions.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. On or before September 8, 2009, plaintiff shall show cause, in writing, why his motions to compel should not be denied, and the matters removed from the September 23, 2009, calendar, as untimely;

2. Defendants may file a response to that writing on or before September 10, 2009;

3. Unless or until the court orders otherwise, plaintiff's motions to compel shall remain scheduled for hearing on September 23, 2009; and,

4. The parties' joint statements re. discovery disagreement shall be filed not later than *five* court days before the scheduled hearing, or by September 16, 2009, at 12:00 p.m. (noon).

SO ORDERED.

DATED:   September 3, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE