IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN K. ADLER, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>RELYNET, INC., a California<br>Corporation, MICHAEL DICARLO,<br>an individual, and DOES 1<br>through 50, inclusively,<br><br>        Defendants.<br>_____/ | No. 2:08-cv-01333 JAM EFB<br><br>ORDER GRANTING MOTION TO<br>DISMISS |
| RELYNET, INC., a California<br>Corporation, MICHAEL DICARLO,<br>an individual, and DOES 1<br>through 50, inclusively,<br><br>        Counterclaimants,<br><br>   v.<br><br>DUSTIN K. ADLER, an individual,<br><br>        Counterdefendant.<br>_____ | |

1

This matter comes before the Court on Plaintiff/Counterdefendant Dustin K. Adler's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants/Counterclaimants Relynet, Inc. and Michael Dicarlo oppose the motion.[1] For the reasons set forth below, Plaintiff/Counterdefendant's motion is GRANTED with prejudice.

On June 12, 2008, Plaintiff/Counderdefendant Dustin K. Adler ("Adler"), filed this action ("the federal action") against Defendants, RelyNet, Inc. ("RelyNet") and Michael DiCarlo ("DiCarlo") (collectively "Defendants"), alleging infringement of his copyrighted ZeroForum software and fraud with respect to his ownership in RelyNet. (Docket # 1.) Defendants answered the Complaint and also filed counterclaims seeking declaratory relief. (Docket # 9.)  Three days after filing the federal action, Adler filed a state court action ("the state action") under California Corporations Code sections 709 and 1603 alleging deprivation of his ownership rights in RelyNet. (Defs. Mot. Amend 2:14-17.)

On April 9, 2009, this Court granted RelyNet and DiCarlo leave to amend their counterclaims to expand the scope of issues

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

for which they seek declaratory relief. (Docket # 45, 46.)  At the time, the Court was informed that a motion to stay the state court action was tentatively granted by the state court.  <u>Id.</u> As such, this Court held that in the interest of judicial efficiency and economy, Defendants were permitted to amend their counterclaims to broaden the scope for which they seek declaratory relief to include the subject matter of the state action, namely, a declaration of ownership/control in RelyNet. <u>Id.</u>  Specifically, Defendants added paragraphs 24, 25, 26(a), 26(c), 26(e), 26(f) and paragraph 4 of the Prayer for Relief. (Docket # 46.) On the same day this Court issued its Order permitting Defendants to amend their counterclaims, the state court reversed its tentative ruling and issued an order denying Defendants' motion to stay the state court claims. (Pl's Mot., Doc. # 60 at 2:7-10.)

Subsequent to the state court order, Adler filed the instant motion to dismiss or abate Defendants' declaratory relief counterclaims paragraphs 24, 25, 26(a), 26(c), 26(e), 26(f) and paragraph 4 of the Prayer for Relief. (Doc. # 60.) For the reasons stated below, the Plaintiff's Motion to Dismiss is GRANTED with prejudice.

It is well established that even though jurisdiction may exist under the Declaratory Judgment Act the granting of declaratory judgments is at the discretion of the district

court.  See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942); see also Shell Oil Co. v. Frusetta, 290 F.2d 689, 692(9th Cir. 1961).  "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Brillhart, 316 U.S. at 495. "Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided." Id.  A court may properly invoke the doctrine of abstention, to stay or dismiss a federal action because of a pending state action "where such action will avoid duplicative litigation, promote sound and economical allocation of judicial resources, and remove any need for this court to resolve issues of state law." See, e.g., Entex Industries, Inc. v. Warner Communications, 487 F.Supp. 46, 49 (C.D. Cal 1980).

Here, Adler's pending state court action presents the same issue of state law as is set forth in Defendants' amended counterclaim for declaratory relief in the federal action. Adler's state court action seeks to determine whether Adler has ownership rights in RelyNet.  Paragraphs 24, 25, 26(a), 26(c), 26(e), 26(f) and paragraph 4 of the Prayer for Relief of Defendants' amended counterclaim require resolution of the same ownership issue.  Since all issues between the parties will be

effectively determined in the pending state action, this Court may properly refuse to entertain the declaratory judgment action of Defendants/Counterclaimants. <u>Brillhart</u>, 316 U.S. 491 (1942). As such, the Court concludes that the amended declaratory relief issues sought by Defendants can be more properly resolved in the pending state action, and that abstention by this Court through dismissal of this federal action will promote judicial economy, efficiency and administration of justice.

For the reasons stated above, Plaintiff's Motion to Dismiss or Abate paragraphs 24, 25, 26(a), 26(c), 26(e), 26(f) and paragraph 4 of the Prayer for Relief in Defendants' declaratory relief counterclaim is GRANTED with prejudice.


IT IS SO ORDERED.

Dated: September 4, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE