IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUSTIN K. ADLER,

    Plaintiff,                                          No. CIV S-08-1333 JAM EFB

    vs.

RELYNET, INC., et al.,

    Defendants.                        <u>ORDER</u>

AND RELATED ACTIONS.

        Plaintiff's motions to compel discovery, Dckt. Nos. 85, 86, are currently scheduled for hearing before this court on September 23, 2009, at 10:00 a.m., in Courtroom No. 25.  On September 3, 2009, the undersigned issued an order to show cause to plaintiff why the motions should not be removed from the September 23, 2009 calendar as untimely.  Dckt. No. 87.  The order to show cause issued because the discovery deadline in this action, which was September 4, 2009, was only extended to September 30, 2009 "for the limited purpose of completing currently noticed depositions, including the deposition of Dustin Adler, and for resolving any disputes that may arise relating to the deposition of Dustin Adler before the discovery cutoff date," Dckt. No. 79, and because it did not appear from plaintiff's notices of motion that he is seeking to resolve disputes "relating to [his] deposition."  Dckt. No. 87.

1

1    On September 8, 2009, counsel for defendants RelyNet, Inc. and Michael DiCarlo, and counsel for plaintiff, each filed a declaration in response to the order to show cause. Dckt. Nos. 89, 90. The declarations reveal that the stipulation and proposed order which was filed with the court, and which was approved by the district judge, was not the *actual* stipulation and proposed order that the parties agreed upon. *Id.* Rather, the parties inadvertently submitted the wrong draft. *Id.* They intended to submit a stipulation and order to extend the discovery deadline to September 30, 2009, not only for the purpose of completing currently noticed depositions, including the deposition of Dustin Adler, but *also* "for resolving any disputes that may arise relating to currently pending discovery before the discovery cutoff date." Dckt. No. 90, Ex. A. Because plaintiff's currently scheduled motions seek to compel defendants' compliance with discovery that was pending as of the original discovery cutoff date, and because the parties agreed to this broader extension of the discovery deadline, plaintiff's counsel requests in her declaration that "the Court deem Plaintiff's Motions To Compel timely and allow Plaintiff's Motions To Compel to remain on calendar." *Id.* ¶ 9. Defendants RelyNet, Inc. and Michael DiCarlo do not oppose plaintiff's request. *Id.* ¶ 8, Ex. C.

However, as noted in the September 3, 2009 order to show cause, this court has no authority to consider discovery motions after the close of discovery. While the parties may have agreed to extend the discovery deadline to September 30, 2009 to resolve disputes relating to discovery that was pending as of the September 4, 2009 cutoff date, the order that the district judge signed did not include that broader extension. This must be corrected by a further written stipulation and order. The extension authorized by the district judge does not cover plaintiff's presently scheduled motions; therefore, the undersigned does not have jurisdiction to hear those motions.

////

////

////

2

Accordingly, plaintiff's motions to compel discovery, Dckt. Nos. 85, 86, are denied without prejudice and are removed from the September 23, 2009 calendar. The parties may request that the district judge sign a stipulation and proposed order including the broader discovery cutoff extension, or plaintiff may file a motion before the district judge to modify the scheduling order as necessary. If the district judge approves an extension of the discovery deadline that would cover plaintiff's motions to compel, the motions may be re-noticed for hearing before the undersigned.

SO ORDERED.

DATED: September 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE