1  STEPHEN L. DAVIS (State Bar No. 149817)
   MARK R. LEONARD (State Bar No. 219186)
2  DAVIS & LEONARD, LLP
   8880 Cal Center Drive, Suite 180
3  Sacramento, California 95826
   Telephone: (916) 362-9000
4  Fax: (916) 362-9066
   E-mail: sdavis@davisandleonard.com
5
6  Attorneys for Defendants
   RelyNet, Inc. and Michael DiCarlo
7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  DUSTIN K. ADLER, an individual,                CASE NO. 2-08-CV-01333-JAM-EFB

12         Plaintiff,
                                                   **STATEMENT OF UNDISPUTED**
13     v.                                          **MATERIAL FACTS  IN SUPPORT OF**
                                                   **MOTION BY DEFENDANTS' AND**
14  RELYNET, INC. a California corporation and     **COUNTERCLAIMANTS RELYNET,**
    MICHAEL DICARLO, an individual,                **INC. AND MICHAEL DICARLO FOR**
15  INTERNET BRANDS, INC., a Delaware              **SUMMARY JUDGMENT**
    Corporation, INTERMEDIA OUTDOORS,
16  INC., a Delaware Corporation, VORTEX           Date:      November 4, 2009
    MEDIA GROUP, INC., a Delaware                  Time:      9:00 a.m.
17  Corporation and DOES 1 through 50,             Courtroom: 6
    inclusively,
18
           Defendants.
19

20  ─────────────────────────────────

21  RELYNET, INC., a California Corporation,
    MICHAEL DICARLO, an individual,
22
           Counterclaimants,
23
       v.
24
    DUSTIN K. ADLER, an individual,
25
           Counterdefendant.
26

27

28

                                        1

## BACKGROUND FACTS COMMON TO ALL CLAIMS

| Undisputed Facts | Evidence |
|---|---|
| 1. Defendant Michael DiCarlo is an individual residing in El Dorado Hills, California. | Declaration of Michael DiCarlo ("DiCarlo Decl.") ¶1. |
| 2. Defendant RelyNet, Inc. is a corporation organized under the laws of the State of California. | DiCarlo Decl. ¶¶1, 10 & Ex.A, Ex. B. |
| 3. RelyNet, Inc. was incorporated in October 2002 by Michael DiCarlo. | DiCarlo Decl. ¶¶10 & Ex. A, Ex. B. |
| 4. Michael DiCarlo is, and at all times has been, the sole shareholder, director, and officer of RelyNet, Inc. | DiCarlo Decl. ¶¶10, 11, 13 & Ex. A, B. |
| 5. From late 1999, when Michael DiCarlo purchased his partner Timothy Robert's interest in the business for $700, until it was incorporated in October 2002, RelyNet was a sole proprietorship owned by Michael DiCarlo. | DiCarlo Decl. ¶¶3, 13; Deposition of Dustin Adler ("Depo.") 47:20-48:22 (attached as Exhibit D to the Declaration of Stephen L. Davis ("Davis Decl.")). |
| 6. While DiCarlo operated RelyNet as a sole proprietorship, from late 1999 until October 2002, he never transferred an interest in the RelyNet business to Adler, nor did DiCarlo and Adler ever enter a formal partnership agreement, and RelyNett continued to operate as a sole proprietorship. | DiCarlo Decl. ¶3; Depo. 49:19-50:10; Adler's Supplemental Response to Intermedia Outdoors, Inc.'s First Set of Interrogatories ("Interrog. Responses") Nos. 18 (attached as Exhibit E to the Davis Decl.) (listing Adler's purported evidence that a partnership existed). |
| 7. DiCarlo alone reported income from RelyNet or RelyNet, Inc. as income from a business in which he had an ownership interest; Adler did not. | DiCarlo Decl. ¶3. |
| 8. RelyNet, Inc. hired Adler as a salaried employee in January 2003, and he continuously worked at RelyNet as an employee until August 1, 2005, when his employment was terminated. | DiCarlo Decl. ¶14 & Ex. C (payroll register); Depo. 24:20-25. |

I.    MATERIAL FACTS RELATED TO COPYRIGHT INFRINGEMENT
      CLAIM

| Undisputed Facts | Evidence |
|---|---|
| 9.  Adler's claim of copyright infringement is based upon the alleged infringement by the defendants of three versions of a message board software program he wrote called ZeroForum: version 2.0.5a Siva (Reg. No. TX 6-210-247), 2.0.6c (Reg. No. TX 6-210-248), and 2.1.2 (Reg. No. TX 6-210-249). | Declaration of Stephen L. Davis ("Davis Decl.) ¶9 & Exs. H, I, J (certificates of registration); First Amended Complaint ("AC") ¶¶65, 66  (attached as Exhibit A to Davis Decl.). |
| 10. Adler was the primary programmer of ZeroForum Software version 2.0.5a Siva, which was completed and published in 2002. | Declaration of Stephen L. Davis ("Davis Decl.") ¶9 & Ex. H (certificate of registration); AC¶64-66; Adler's Supplemental Response to Intermedia Outdoors, Inc.'s First Set of Interrogatories ("Interrog. Responses") Nos. 6 (attached as Exhibit E to the Davis Decl.). |
| 11. Adler was the primary programmer of ZeroForum Software version 2.0.6c, which was completed and published in 2003. | Davis Decl. ¶10 & Ex. I (certificate of registration, showing completion and publication dates); Adler's Supplemental Response to Intermedia Outdoors, Inc.'s First Set of Interrogatories ("Interrog. Responses") Nos. 6 (attached as Exhibit E to the Davis Decl.); DiCarlo Decl. ¶16. |
| 12. Adler's authorship of ZeroForum Software version 2.0.6c was derivative of version 2.0.5a Siva, and the derivative portion of the software that he authored contained original work of authorship that he authored in part and completed in 2003 when he was an employee of RelyNet, Inc. | Davis Decl. ¶10 & Ex. I (certificate of registration, showing it as described as derivative work and showing dates of completion and publication); Interrog. Responses No. 6; DiCarlo Decl. ¶20, 22 & Ex. E (showing the deposit copy plus some of the derivative changes that version 2.0.6c made to version 2.0.5a Siva). |
| 13. Adler was the primary programmer of ZeroForum Software version 2.1.2, which was completed and published in 2005. | Davis Decl. ¶11 & Ex. J (certificate of registration, showing completion and publication dates); Interrog Response No. 6; DiCarlo Decl. ¶16. |
| 14. Adler's authorship of ZeroForum Software version 2.1.2 was derivative of version 2.0.5a Siva and of version 2.0.6c, and the derivative portion of the | Davis Decl. ¶11 & Ex. J (certificate of registration, showing description as derivative work); Interrog Response No. 6; DiCarlo Decl. ¶21, 23 & Ex. F (showing the deposit copy plus some of the |

3

| Undisputed Facts | Evidence |
|---|---|
| software that he authored contained original work of authorship that he authored in part and completed in 2005 when he was an employee of RelyNet, Inc. | derivative changes that version 2.1.2 made to earlier versions). |
| 15. The 2.0.6c and 2.1.2 versions of the ZeroForum software were completed and published and put into use by RelyNet while DiCarlo was a salaried employee of RelyNet, Inc. | Davis Decl. ¶¶10, 11 & Ex. I, J (certificates of registration); DiCarlo Decl. ¶14; Depo. 96:23-97:15. |
| 16. Adler developed all three versions of the ZeroForum that he copyrighted for use by RelyNet and its customers, and no one else, dating back to 2002 and continuing until the termination of his employment on August 1, 2005. | AC ¶38; Depo. 59:16-60:22; 80:14-81:10; 85:15-87:20; 87:22-88:3; 88:4-89:12; 93:3-95:5; 95:13-96:13; 103:10-22; 105:12-106:20; DiCarlo Decl. ¶¶16, 17; AC ¶44. |
| 17. Adler delivered all versions of ZeroForum software to RelyNet with full knowledge of RelyNet's use of the software to operate message boards for RelyNet customers, and without ever requesting anyone to sign a license agreement. | AC ¶38; Depo. 59:16-60:22; 80:14-81:10; 85:15-87:20; 87:22-88:3; 88:4-89:12; 93:3-95:5; 95:13-96:13; 103:10-22; 105:12-106:20; Interrog. Response No. 8, 11, 12; DiCarlo Decl. ¶27, 28. |
| 18. Adler was aware that RelyNet, Inc. placed its name in the copyright notice for the software and did not object to it. He never used his own name for a copyright notice. | Depo. 89:18-90:20; DiCarlo ¶29 & Ex. G (page from VW Vortex message board showing RelyNet copyright notice dating back to 2005). |
| 19. Adler was aware from the beginning that RelyNet was hosting the message board operated by Prime Media, the predecessor to defendant Intermedia Outdoors, and that this message board was powered by ZeroForum software. | DiCarlo ¶17; Interrog. Response No. 8, 11, 12. |
| 20. Adler was aware from the beginning that RelyNet was hosting the message board operated by defendant VW Vortex, and that this message board was powered by ZeroForum software. | DiCarlo ¶17; Interrog Response No. 8, 11, 12. |

| Undisputed Facts | Evidence |
|---|---|
| 21. Adler never used the ZeroForum software for any purpose other than to deliver it to RelyNet for RelyNet' use and the use of RelyNet's customers' use in operating message boards. That was true even after he was terminated by RelyNet, Inc. in August 1, 2005. | DiCarlo Decl.¶8; Depo. 59:16-60:22; 86:15-87:20; 88:4-89:12; 91:6-93:2; 93:3-95:5; 95:6-95:12; 110:23-113:18; 124:7-20; 126:7-18. |
| 22. Computer programming was a part of Adler's responsibilities as an employee of RelyNet. | DiCarlo ¶16, 26; Depo. 124:7-20; 126:7-18. |
| 23. Adler's primary occupation, in various jobs, since high school has been as a computer software developer. He has worked as an employee, independent contractor, and business co-owner as a computer software developer. | Depo. 8:25-10:20; 13:24-15:7; 15:8-16:19; 18:20-25; 21:7-22:24; 25:19-26:12. |
| 24. Adler sometimes programmed ZeroForum software from 2001 onward using RelyNet computers at RelyNet's office space, or he programmed the software, which was located on RelyNet servers or computers, via remote access from his home. | DiCarlo Decl. ¶16; Depo. 98:14-102:24. |
| 25. RelyNet paid Adler wages in part for the services he provided as a computer programmer. | DiCarlo ¶16. |
| 26. Adler consented, without request for compensation, to the use of all versions of ZeroForum for the operation of customer message boards by RelyNet, until August 1, 2005. | Interrog. Reponses, Nos. 8, 11, 12, 13; DiCarlo. Decl. ¶8. |
| 27. Adler's claim of copyright infringement against defendant VW Vortex is based entirely upon the "copying" that occurs when a VW Vortex user or administrator accesses or views VW Vortex's message board, and the html code that underlies the display of the message board is | AC ¶ 12-13; Depo. 115:5-117:10; 132:11-147:5; DiCarlo Decl. ¶¶36, 37 & Ex. I; AC ¶64-66; Davis Decl. ¶7 & Ex. F (document created by Adler to demonstrate infringing "copying"). |

5

| Undisputed Facts | Evidence |
|---|---|
| reproduced by operation of the user's or administrator's Internet web browser software into the user's or administrator's computer's random access memory or memory cache. | |
| 28. Adler's claim of copyright infringement against defendant Intermedia Outdoors is based entirely upon the "copying" that occurs when a VW Vortex user or administrator accesses or views VW Vortex's message board, and the html code that underlies the display of the message board is reproduced by operation of the user's or administrator's Internet web browser software into the user's or administrator's computer's random access memory or memory cache. | Interrog. Responses, Nos. 15, 17, 20-24 (attached as Exhibit E to the Davis Decl.); AC ¶ 8-11; Depo. 115:5-117:10; 132:11-147:5; DiCarlo Decl. ¶¶35, 36, 37; Davis Decl. ¶7 & Ex. F (document created by Adler to demonstrate infringing "copying"). |
| 29. There is no evidence that defendant VW Vortex has copied, distributed, displayed or in any other way exercised any of the copyright owner's exclusive rights under section 106 of the Copyright Code other than as described in paragraph above. | DiCarlo Decl. ¶35, 36; Depo. 115:5-117:10; 132:11-147:5; DiCarlo Decl. ¶37. |
| 30. There is no evidence that defendant Intermedia Outdoors has copied, distributed, displayed or in any other way exercised any of the copyright owner's exclusive rights under section 106 of the Copyright Code other than as described in paragraph above. | DiCarlo Decl. ¶35, 36; Adler's Supplemental Response to Intermedia Outdoors, Inc.'s First Set of Interrogatories ("Interrog. Responses") Nos. 20-24 (attached as Exhibit E to the Davis Decl.); AC ¶  ; Depo. 115:5-117:10; 132:11-147:5; DiCarlo Decl. ¶37. |

## II.  MATERIAL FACTS RELATED TO FRAUD CLAIM

| Undisputed Facts | Evidence |
|---|---|
| 31.  Adler's fraud claim against DiCarlo is based upon the allegations that DiCarlo "made continuing promises and representations to [Adler] that [Adler] | First Amended Complaint ("AC") ¶82; Depo. 42:15-46:4; 170:3-171:16. |

6

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGEMENT

| Undisputed Facts | Evidence |
|---|---|
| was a 50% owner of RelyNet, both while it operated as a partnership and after it commenced operation as a corporation in October 2002." | |
| 32. Adler had knowledge of these alleged false promises before June 12, 2005. | AC ¶82; Depo. 71:15-74:23; 147:6-153:13; 161:13-163:22; 170:3-171:16. |
| 33. Adler was aware before June 12, 2005 that DiCarlo had made the alleged promises to make him a partner/shareholder/co-owner of the RelyNet business and was aware that DiCarlo had never in fact done so, and he specifically had formed the opinion that DiCarlo's conduct amounted to "lies." | Depo. 67:17-69:6 (awareness of creation of RelyNet, Inc. as a corporation as of October 2002); 69:7-72:3; 73:1-74:24; DiCarlo Decl. & Ex. H (language from Adler's June 15, 2005 letter) |
| 34. Adler was aware as of December 2003 that DiCarlo was not paying him the same salary he was paying himself despite what Adler allegedly understood to be their agreement about equal ownership. | DiCarlo Decl. ¶15; Depo. 71:15-74:23; 147:6-153:13; 161:13-163:22. |
| 35. The June 15, 2005 letter by Adler to DiCarlo, signed by DiCarlo, was not a promise by DiCarlo to transfer 49% of RelyNet's stock to Adler, but an acknowledgment that Adler would quit working for RelyNet, Inc. if DiCarlo did not do so. | DiCarlo Decl. ¶30 & Ex. H (copy of letter); Depo. 163:24-170:25; 173:22-174:9; 178:4-7. |
| 36. Both before and after DiCarlo signed the June 15, 2005 letter agreement, Adler did **not** in fact believe that DiCarlo would transfer 49% of the shares of stock in RelyNet, Inc. to Adler before January 1, 2006. In fact Adler was highly suspicious of DiCarlo. | Depo. 172:9-173:6; 177:22-179:2 ("high hopes"); 182:10-192:10; Davis Decl. ¶8 & Ex. G (pp. 3647, 3670, 3671-72, 3726, 3736, 3746-48, 3759) (see bracketed sections of email communications to and from Adler). |
| 37. Both before and after DiCarlo signed the June 15, 2005 letter agreement, Adler was aware of facts that made any | Depo. 67:17-74:24 (awareness of failure to deliver stock); 172:9-173:6; 178:4-179:2 ("high hopes"); Davis Decl. ¶8 & Ex. G (pp. 3647, 3670, 3671-72, |

| Undisputed Facts | Evidence |
|---|---|
| belief that DiCarlo would transfer the shares of stock in RelyNet to Adler before January 1, 2006 unreasonable and unjustifiable. | 3726, 3736, 3746-48, 3759) (see bracketed sections of email communications to and from Adler); DiCarlo Decl., Ex. H (text from 2005 Adler letter indicating state of mind and knowledge of alleged fraud in past). |
| 38. Adler did not in fact change his position as a result of or rely in any way on the June 15, 2005 letter signed by DiCarlo.  In fact, Adler has not even specifically alleged in his complaint that he did rely on DiCarlo's execution of the 2005 letter agreement, or any statement or promise by DiCarlo. | DiCarlo Decl. ¶31; Depo. 153:18-154:15; 179:3-180:11 (not looking for employment elsewhere; no opportunities given up; continued to receive compensation); AC ¶¶83-85. |
| 39. Adler did not suffer any detriment as a result of any reliance upon the statement made or implied in the June 15, 2005 letter signed by DiCarlo.  His complaint alleges only lost profits, not damages or injury suffered as a matter of reliance. | DiCarlo Decl. ¶31; Depo. 153:18-154:15; 179:3-180:11 (not looking for employment elsewhere; no opportunities given up; continued to receive compensation); AC ¶86. |
| 40. By executing and affirming the June 2005 letter Adler has waived any claim of fraud based upon conduct prior to that agreement. | Davis Decl. 4, Ex. C, pp. 7-8 (copy of complaint seeking declaratory relief and specific performance on June 2005 "contract" filed in California superior court) see Davis Decl., Ex. B (original state complaint); DiCarlo, Ex. H (copy of letter agreement). |

DATED: October 7, 2009

DAVIS & LEONARD LLP

Stephen L. Davis
DAVIS & LEONARD, LLP
Attorneys for RelyNet, Inc. and
Michael DiCarlo

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGEMENT