IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUSTIN K. ADLER,

      Plaintiff,                            No. CIV S-08-1333-JAM-EFB

    vs.

RELYNET, INC., et al.,

      Defendants.                     <u>ORDER</u>
_____/

AND RELATED ACTIONS.
_____/

        On October 13, 2009, plaintiff withdrew two motions to compel discovery, Dckt. Nos. 94, 95, then pending before the undersigned, including a motion to compel further discovery responses from defendant Internet Brands, Inc. Dckt. Nos. 113, 114. Accordingly, the motions were removed from the court's calendar. However, on October 19, 2009, Internet Brands filed an opposition to plaintiff's withdrawal and a request for sanctions. Dckt. No. 116. Internet Brands contends that plaintiff's counsel filed the motion against Internet Brands "without any effort to meet and confer or otherwise resolve the dispute, without proper certification, and without a substantive basis for doing so"; that Internet Brands "made numerous informal attempts to resolve the dispute and avoid incurring the cost of a formal response"; and that as a result of plaintiff's motion, "Internet Brands was forced to file a written opposition." *Id.* at 1-2.

1 As a result, Internet Brands requests that the court "award Internet Brands its attorneys' fees
2 incurred in responding to the Motion, and in preparing this Opposition, as a sanction." *Id.* at 3.
3   Internet Brands's current request for sanctions does not identify the basis for those
4 sanctions and does not provide any authority supporting such sanctions.   In its original
5 opposition to plaintiff's motion to compel, Internet Brands sought sanctions pursuant to Federal
6 Rule of Civil Procedure 37, which provides for the payment of expenses when a discovery
7 motion is granted or denied. *See* Dckt. No. 97 at 10.  To the extent that Internet Brands's current
8 request for sanctions is also based on Rule 37, it must be denied.  The court neither granted nor
9 denied plaintiff's motion to compel discovery but, rather, plaintiff voluntarily withdrew his
10 motion.  Defendant has not shown that it is entitled to a Rule 37 award of expenses, including
11 attorney fees, incurred in opposing that motion.  *Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601,
12 605 (10th Cir. 1984).  Accordingly, Internet Brand's request for sanctions, Dckt. No. 116, is
13 denied.
14   SO ORDERED.
15 DATED:  November 12, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2