1

Daniel D. Quick
Michelle Heikka
Dickinson Wright PLLC
38525 N. Woodward, Ste. 2000
Bloomfield Hills, MI 48304-5092
Phone: (248)433-7242
Fax: (248)433-7274

Attorneys for Defendant
INTERMEDIA OUTDOORS, INC.

**FILED**

DEC 1 1 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10 SACRAMENTO DIVISION

| | |
|---|---|
| DUSTIN K. ADLER, an individual | CASE NO: 2:08-CV-01333-JAM-EFB |
| Plaintiff, | |
| vs. | ORDER GRANTING INTERMEDIA OUTDOORS, INC.'S MOTION FOR SUMMARY JUDGMENT |
| RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRANDS, INC., a Delaware Corporation, INTERMEDIA OUTDOORS, INC., a Delaware Corporation, A VORTEX MEDIA GROUP, INC., a Delaware Corporation and DOES 1 through 50, inclusively, | |
| Defendants | |

ORDER GRANTING INTERMEDIA OUTDOORS, INC.'S MOTION FOR SUMMARY JUDGMENT

This matter having come before the Court upon Defendant's, Intermedia Outdoors, Inc.'s, Motion for Summary Judgment, response and reply briefs having been filed, oral argument having been held on November 18, 2009, and the court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED for the reasons stated on the record, as evidenced by the transcript attached hereto as Exhibit A. Plaintiff's claims, as against Intermedia Outdoors, Inc., are dismissed with prejudice.

_____
District Court Judge

DATED: _12-11-09_

ORDER GRANTING INTERMEDIA OUTDOORS, INC.'S MOTION FOR SUMMARY JUDGMENT

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

BEFORE THE HONORABLE JOHN A. MENDEZ, JUDGE

---oOo---

DUSTIN K. ADLER,

        Plaintiff,

vs.                                        No. Civ. S-08-1333

RELYNET, INC., et al.,

        Defendants.

_____/

AND RELATED ACTIONS.      /

---oOo---

REPORTER'S TRANSCRIPT

COURT'S RULINGS

WEDNESDAY, NOVEMBER 18, 2009

---oOo---

Reported by:      KELLY O'HALLORAN, CSR #6660

APPEARANCES


For the Plaintiff:


    MILLSTONE PETERSON & WATTS, LLP
    2267 Lava Ridge Court, Suite 210
    Roseville, CA  95661
    BY:  GLENN W. PETERSON

    LAW OFFICES OF JOHN P. COSTELLO
    331 J Street, Suite 200
    Sacramento, CA  95814
    BY:  JOHN P. COSTELLO
         PAMELA W. BERTANI

For the Defendant DiCarlo and RelyNet:

    DAVIS & LEONARD, LLP
    888 Cal Center Drive, Suite 180
    Sacramento, CA  95826
    BY:  STEPHEN L. DAVIS

For the Defendant Internet Brands:

    INTERNET BRANDS, INC.
    LEGAL DEPARTMENT
    909 N. Sepulveda Boulevard, 11th Floor
    El Segundo, CA  90245
    BY:  WENDY E. GILBERTI

For the Defendant Intermedia Outdoors, Inc.:

    DICKINSON WRIGHT
    500 Woodward Avenue, Suite 4000
    Detroit, MI  48226
    BY:  MICHELLE R. HEIKKA

1

| 1  | SACRAMENTO, CALIFORNIA |
|----|------------------------|

1        SACRAMENTO, CALIFORNIA

2        WEDNESDAY, NOVEMBER 18, 2009

3            ---oOo---

4        (Excerpt of proceedings.)

5        THE COURT:  Okay.  I'm prepared to issue the following

6    rulings.  I want to start with Intermedia's motion for

7    summary judgment.  There are a number of arguments raised by

8    Intermedia in the motion for summary judgment, including as

9    follows:

10        That the plaintiff, Mr. Adler, is estopped from

11    asserting his copyright claim against Intermedia because, by

12    his own admission, he allowed Mr. DiCarlo to represent to the

13    world that RelyNet held the copyright in the ZeroForum

14    software.

15        Two, that Mr. Adler admitted that Intermedia copies

16    only the HTML response.  And that Intermedia's users

17    automatically save the HTML response generated by RelyNet's

18    servers in the RAM and cache of their computers.  An HTML

19    response, according to Intermedia's argument, is not the

20    ZeroForum source code, and therefore Intermedia does not, in

21    fact, copy the ZeroForum source code and is not infringing

22    any copyright in the ZeroForum software.

23        Third, that Intermedia alternatively argues that if

24    copying the HTML response somehow violates Adler's copyright

25    in the ZeroForum software, such copying constitutes fair use

1   because, among other reasons, its users copy the HTML

2   response for the sole purpose of enhancing Internet usage.

3   Citing Perfect 10, Inc. vs. Amazon.com, 508 F.3d 1146, a

4   Ninth Circuit case 2007, holding that when a web user's

5   computer automatically caches information for the purpose of

6   assisting in accessing the Internet, such is a transformative

7   use and not copyright infringement.

8          And, finally, Intermedia argues that they can't be

9   liable for copyright infringement.  They also can't be held

10  liable for secondary infringement.

11         Mr. Adler has argued that he's not estopped from

12  asserting his copyrights against Intermedia because, even

13  though he was aware that the copyright notice on RelyNet's

14  website reflected that RelyNet owned the copyright in

15  ZeroForum, he was unsure at the time what a copyright notice

16  meant.

17         He also argues that because the domain name

18  registration for Zeroforum.com lists only his name and his

19  home address, that Intermedia should have known that he was

20  the sole owner of the ZeroForum software copyright.

21         He also argues that Intermedia has directly copied and

22  therefore infringed his ZeroForum software, that Intermedia's

23  infringement does not constitute fair use, and that there are

24  genuine issues of material fact which remain which would

25  affect his claim for secondary copyright infringement.

3

1        Based on the papers and argument of counsel, the Court

2    is going to grant Intermedia's motion for summary judgment.

3    They should not have been named and do not belong in this

4    lawsuit.

5        In asserting an estoppel claim, a defendant must

6    establish:  One, that the party to be estopped must know the

7    facts; two, that he must intend that his conduct shall be

8    acted on or must act that the party asserting the estoppel

9    has a right to believe it is so intended; and three, that the

10   latter must be ignorant of the true facts; and four, he must

11   rely on the former's conduct to his injury.  Citing

12   Carmichael Lodge No. 2103 vs. Leonard, a 2009 case, Eastern

13   District of California, September 16, 2009.

14       In this case, the undisputed facts do show, as found

15   by the Court, that Mr. Adler did hold RelyNet out to

16   Intermedia as the copyright holder of the ZeroForum software.

17   Mr. Adler admitted he knew that Mr. DiCarlo changed the

18   copyright notice to reflect that RelyNet owned the copyright

19   in ZeroForum.  Mr. Adler also admitted that he had full

20   access to both the RelyNet servers and the ZeroForum

21   software.  Keep in mind that Intermedia has been around in

22   this company and involved with this company since 2002.

23       In this case, Mr. Adler is not acknowledging or taking

24   responsibility for his own actions.  He could have easily

25   changed the copyright notice to indicate he owns the

4

1    software.  Mr. Adler, however, chose to allow Mr. DiCarlo to

2    represent that RelyNet owned the software.  As such, his

3    actions with respect to Intermedia were such that Intermedia

4    was justified in relying upon them.

5        Moreover, Intermedia was unaware that Mr. Adler

6    claimed an ownership interest in the ZeroForum software until

7    Mr. Adler sent his cease and desist letter in 2008, long

8    after Intermedia had already relied upon the alleged faulty

9    copyright notice for six years.  Mr. Adler's 2008 letter does

10    not alleviate his previous action of holding RelyNet out as

11    the owner of the software.  As such, Mr. Adler's own

12    admissions show there is no genuine issue of material fact

13    that he held RelyNet out to the world as the owner of

14    ZeroForum software and that he intended the world to rely on

15    such claims.  Intermedia relied upon Adler's actions to its

16    detriment.  And as such, Mr. Adler is estopped with respect

17    to Intermedia from asserting his copyright against

18    Intermedia, and Intermedia's motion for summary judgment is

19    granted.

20        Mr. Adler has also stated a claim for both

21    contributory and vicarious infringement against Intermedia.

22    A person is liable for contributory infringement if he:  One,

23    has knowledge of another's infringement; and two, either

24    materially contributes to or induces that infringement.

25    That's Perfect 10, Inc. vs. Visa International, 494 F.3d 788,

1    a Ninth Circuit case 2007.

2          Mr. Adler has no direct evidence that Intermedia knew,

3    or should have known, of its acts of alleged copyright

4    infringement.  Mr. Adler testified that prior to 2008, he

5    never informed Intermedia of his alleged copyright in the

6    ZeroForum software, his alleged ownership in RelyNet, or his

7    business dispute with DiCarlo.

8          In this case, again, it's somewhat different with

9    respect to Intermedia as opposed to Internet Brands.

10   Mr. Adler clearly knew about Intermedia.  He interacted with

11   them, although he now tries to claim that he didn't know as

12   much, but the undisputed facts conclude otherwise.  As

13   indicated, he did testify that prior to 2008, he never

14   informed Intermedia of his alleged copyright or his alleged

15   ownership.  That was found at his deposition, pages 228 and

16   page 242.  Instead, Mr. Adler's activity hid this information

17   from Intermedia and allowed RelyNet to represent to

18   Intermedia that it held the copyright in the ZeroForum

19   software.  Without knowledge of infringing activities of

20   third parties, Intermedia cannot, as a matter of law, be held

21   liable for contributory infringement.  As such, Intermedia's

22   motion for summary judgment as to Mr. Adler's contributory

23   infringement claim is granted.

24         And, finally, Intermedia is not vicariously liable for

25   RelyNet's alleged infringement.  To state a claim for

1    vicarious copyright infringement, a plaintiff must allege

2    that defendant has the right and ability to supervise the

3    infringing conduct and a direct financial interest in the

4    infringing activity.  Again citing the Perfect 10, Inc. case.

5    There is no genuine issue of material fact that Intermedia

6    lacks any legal right, or ability, to stop RelyNet's alleged

7    infringing activities.  As such, Intermedia lacks the

8    requisite control over RelyNet's alleged infringing

9    activities to support a claim for vicarious infringement.

10   Accordingly, Intermedia's motion for summary judgment on

11   Adler's vicarious copyright infringement claim is granted.

12        The Court need not and does not rule on the remaining

13   arguments to grant summary judgment in Intermedia's favor

14   and, as such, declines to reach the merits of those remaining

15   issues.

16        It's Ms. Heikka; right?

17        MS. HEIKKA:  Yes.

18        THE COURT:  I'll ask you to prepare an order with

19   respect to the Court's ruling.  Run it by Mr. Peterson so

20   that he can approve it as to form, and we will execute the

21   order granting summary judgment.

22        Turning to Internet Brands' motion for summary

23   judgment, there are, as I've indicated, seven arguments

24   raised by Internet Brands as set forth on page 2 of their

25   opening brief.  As to the first three arguments, as the

1    Court's comments have indicated, I think that Internet

2    Brands' arguments are, unfortunately for Internet Brands,

3    tied to RelyNet.

4         And as I've indicated, I think there are clearly

5    genuine issues of material fact that need to be tried to a

6    jury as to whether, in fact, Mr. Adler owns or does not own

7    the copyrighted material; that even if he owned the copyright

8    material, whether he gave a nonexclusive license with rights

9    to sublicense to RelyNet, which it's undisputed RelyNet did

10   license this software to Internet; and whether Internet

11   Brands' defense that it does, and there's no dispute that it

12   does, have a nonexclusive license to use this copyright

13   material, whether that would be a complete defense.  That, in

14   turn, depends upon whether RelyNet really had a valid right

15   to issue that license in the first place.  So I can't grant,

16   and will not grant, summary judgment on those first three

17   motions.

18        But I want to turn to the damages issues.  And those

19   arguments are that even if this Court found, and I'm not

20   finding, so the record's clear, that Internet Brands

21   infringed upon plaintiff's copyright.  I'm simply saying

22   there's genuine issues of material fact that preclude summary

23   judgment on that issue.

24        Internet Brands argues that plaintiff has no evidence

25   of actual damages or profits attributable to the

1    infringement.  In this case, Internet Brands has argued that

2    plaintiff never disclosed, and there is, in fact, no

3    documents contained in the summary judgment motions in which

4    plaintiff has disclosed a document, witness testimony, or any

5    other evidence of copyright damages.  Mr. Peterson has

6    attempted to argue that he now has that evidence, that it

7    comes from the testimony of a person most knowledgeable, but

8    it is, in fact, untimely.  Mr. Peterson has admitted in the

9    opposition that there is, in fact, no evidence and there was

10   no evidence at the time of the summary judgment motion of

11   actual damages.  He suggested in the brief that he would in

12   the future disclose such evidence.  However, the deadline for

13   disclosing all expert testimony, including rebuttal

14   testimony, was July 20, 2009.  The deadline for completion of

15   discovery was September 4, 2009.  And again, there is an

16   admission that there is no evidence in this summary judgment

17   motion of damages.

18        Plaintiff has not sought relief under Rule 56(f) and,

19   in fact, at the time of the summary judgment -- actually,

20   discovery had ended September 4, 2009.  Mr. Adler has not, as

21   a matter of law, met his burden of proof with respect to

22   actual damages and infringer's profits.  As such, I am

23   granting Internet Brands' motion for summary adjudication on

24   this issue of actual damages as a result of any alleged

25   copyright infringement by Internet Brands.

1          Turning to statutory damages, Internet Brands argues

2     that plaintiff, as a matter of law, cannot meet his burden on

3     the allegation of willful infringement.  They argue that, as

4     a matter of law, Internet Brands was an innocent infringer,

5     if it infringed at all.

6          And, finally, that plaintiff, as a matter of law,

7     can't recover more than $30,000 against defendant Internet

8     Brands.

9          Statutory damages, in the Court's discretion, can

10     range from $750 and $30,000 under 17 USC Section 504(c)(1).

11     The statutory award may be increased or decreased if the

12     infringement was willful or innocent, respectively.  That's

13     17 USC Section 504(c)(2).

14          In order to prove a willful violation, plaintiff must

15     demonstrate the infringer knowingly and deliberately engaged

16     in copyright infringement.  Sony Computer Entertainment

17     America, Inc. vs. Filipiak, a Northern District case 2008,

18     406 F.Supp.2d 1068.  The plaintiff bears the burden of

19     proving willfulness by showing defendant actually knew or

20     should have known that it was infringing plaintiff's

21     copyrights.  As a matter of law, this Court will not infer

22     willfulness whenever the alleged infringement occurs in the

23     context of a disputed title to the copyrighted material.

24     Danjaq LLC vs. Sony Corp., 263 F.3d 942, a Ninth Circuit case

25     2001.

1          In this case, plaintiff has not and cannot meet his

2    burden of proof regarding willfulness.   Internet Brands used

3    the copyrighted material pursuant to a written license.

4    That's undisputed.   Internet Brands obtained representations

5    and warranties that RelyNet was, in fact, the true and lawful

6    owner of the copyrighted material.   In addition, the

7    ZeroForum website held out that RelyNet owned the copyrights

8    to ZeroForum software.   Internet Brands did not know of any

9    competing interest in the copyrights of ZeroForum until or

10   after September 15, 2008.

11          Plaintiff argues that Internet Brands willfully

12   copyrighted the ZeroForum software by relying on:   One, the

13   existence of the copyright certificates; and, two, an alleged

14   cease and desist order.   However, plaintiff cites no

15   authority for the proposition that the mere existence of a

16   copyright certificate automatically elevates an infringement

17   to willful.

18          Furthermore, plaintiff has not produced and I still

19   have not seen the alleged cease and desist letter that he

20   claims was sent to Internet Brands.   There is, in fact, no

21   letter in the record, the disclosures, or otherwise.

22   Plaintiff's only evidence of the letter is his own

23   declaration which the Court has granted a motion to strike.

24   And even in that declaration, he states only that he

25   instructed his attorneys to send the letter.   He does not in

KELLY O'HALLORAN, OFFICIAL COURT REPORTER, USDC -- (916) 448-2712

1   his declaration say that the letter was ever sent.  Plaintiff

2   cannot rely on a document that he has not produced and no one

3   admits to seeing, including himself.

4          As a matter of law, the undisputed facts show that

5   Internet Brands is not a willful infringer.  Even if the

6   title was not in dispute, plaintiff has not produced evidence

7   that Internet Brands willfully violated his copyrights, and

8   there is no genuine issue of material fact that precludes

9   that conclusion.  As such, plaintiff's statutory damages

10  award against Internet Brands cannot exceed $30,000.

11         Defendant Internet Brands also argues -- correct me if

12  I'm wrong, but I think you're arguing also that damages in

13  this case -- you are -- on page 15 of your brief, that the

14  Court may reduce the statutory award of damages if the

15  infringement was innocent.  In a case where the infringer

16  sustains the burden of proving, and the court finds, that

17  such infringer was not aware and had no reason to believe

18  that his or her acts constituted an infringement of

19  copyright, the court, in its discretion, may reduce the award

20  of statutory damages to a sum of not less than $200.  That's

21  found at 17 USC Section 504(c)(2).

22         An innocent infringement will be found when the

23  alleged infringer did not know the use of the copyrighted

24  material constituted infringement.  Citing Branch vs. Ogilvy

25  & Mather, Inc., 772 F.Supp. 1359, a Southern District of New

1    York case 1991.

2         Internet Brands used the copyrighted material pursuant

3    to a written license.  Internet Brands obtained

4    representations and warranties that RelyNet was the true and

5    lawful owner of the copyrighted material.  The ZeroForum

6    website held out that RelyNet owned the copyrights to

7    ZeroForum software.

8         At worst, and the Court finds as a matter of law, that

9    Internet Brands is an innocent infringer, and therefore the

10   Court grants summary adjudication and finds that the maximum

11   allowable statutory damages, if any, can only be $200.

12        Finally, Internet Brands argues that it's entitled to

13   an award for attorney's fees and costs.  The Court is

14   declining to take up that issue at this time.  There are

15   procedures under our local rules for motions for attorney's

16   fees to be filed and also under the Federal Rules of Civil

17   Procedure.  I only address those issues when and, in fact, a

18   proper motion for attorney's fees is presented to the Court.

19        So if you want to file that motion, you are free to do

20   so.  Just make sure it's in compliance with the Federal Rules

21   of Civil Procedure and our local rules, in particular, and

22   then I will take up that issue if and when it's properly

23   presented to me.

24        Then finally turning to the motion for summary

25   judgment brought by Mr. DiCarlo and RelyNet.  This is the

13

1   crux of this case, and it is, as I said, a case which needs

2   to be tried.  There are a number of arguments raised by

3   Mr. Adler which I think warrants that he have his day in

4   court.  Obviously, I don't agree that the lawsuit should be

5   expanded to include either Intermedia or Internet Brands.

6   I'm not sure why Vortex Media Group never responded.  And I

7   take it that you took their default.

8          Anybody know why they didn't respond?

9          MR. PETERSON:  If anybody does, they're not saying,

10  because we've asked.

11         THE COURT:  Okay.  Do they still exist?

12         MR. PETERSON:  As far as we know.

13         MR. DAVIS:  I believe they still do exist.

14         THE COURT:  Okay.  Interesting.  Be that as it may,

15  that's not before me.  As I said, this case clearly on the

16  copyright infringement claim cries out for a trial.  And as I

17  indicated, out of 40 undisputed facts, 34 of them were

18  disputed.  There's a real issue of whether Mr. Adler, for

19  example, was ever compensated for his contributions to

20  RelyNet.

21         And I wish your clients were here, because it is of

22  obvious concern to me that two people that have known each

23  other since second grade have ended up in a federal district

24  court over this.  I make that comment just as an aside.  But

25  I guess money does a lot of things to people, and obviously

14

1   everything changed when 2.6 million came into the hands of

2   Mr. DiCarlo.  It's unfortunate.  Be that as it may, it's

3   before me, and we're going to go forward.

4          Because there are so many issues, genuine issues of

5   material fact that have been raised by Mr. Adler with respect

6   to the copyright infringement claim, the Court is precluded

7   from granting summary judgment in RelyNet and Mr. DiCarlo's

8   favor on that claim, and we will go forward on that claim.

9          Other examples of factual disputes include whether

10  Mr. Adler actually wrote the ZeroForum software exclusively

11  for use by RelyNet, as well as RelyNet customers, and whether

12  Mr. Adler freely consented to the use by RelyNet of this

13  software for its business and to the use of the software by

14  RelyNet customers.  There's the issue of whether he actually

15  received consideration for the alleged implied license.  This

16  whole issue that we discussed about derivative software and

17  what was intended by the parties, what was understood by the

18  parties, all those issues need to be presented to a jury.

19  They may ultimately result in the Court being involved, once

20  I hear the testimony and there are Rule 50 motions filed, but

21  at this point I can't decide this as matter of law that

22  RelyNet and DiCarlo are entitled to summary judgment on that

23  claim.

24          The fraud claim is different.  And there are a number

25  of defenses that have been raised as to the fraud claim.  The

15

1    arguments are as follows:

2          To sustain a fraud claim, Mr. Adler must prove that

3    Mr. DiCarlo made a false promise or statement of fact to

4    Mr. Adler; that at the time he made it, Mr. DiCarlo knew it

5    was false; that Mr. DiCarlo intended to induce Mr. Adler's

6    reliance upon the fraud; that Mr. Adler did, in fact, rely

7    upon the false statement or promise, and that his reliance

8    was justifiable and reasonable; and, finally, that Mr. Adler

9    suffered damage as a result of his reliance upon the fraud.

10   That's In re Napster, Inc. Copyright Litigation, 479 F.3d

11   1078, a Ninth Circuit case 2007.

12         Defendants have argued that Mr. Adler's claims for

13   fraud are barred by the three-year statute of limitations.

14   That the only fraudulent act that Mr. Adler alleges within

15   the three-year limitations period is, in fact, Mr. DiCarlo's

16   execution of the June 2005 letter agreement.  That act,

17   however, on its face, as a matter of law, cannot support a

18   claim for fraud.  That's the defendants' argument.  And also

19   the defendants argue that the undisputed facts show that

20   Mr. Adler did not detrimentally rely upon Mr. DiCarlo's

21   alleged promise.

22         There wasn't a lot of opposition in the papers, as I

23   indicated, to the fraud claim, but simply the somewhat

24   conclusory argument that the statute of limitations does not

25   bar this fraud claim because the fraud claim relates directly

```
1    to the act of signing the 2005 letter agreement.
2            On the fraud claim, the Court finds, as a matter of
3    law, that it is, in fact, barred by the statute of
4    limitations because Mr. Adler was aware of the fraud more
5    than three years before filing his suit.  The complaint
6    itself admits that the fraud claim is based upon, quote,
7    continuing promises and representations, close quote, by
8    Mr. DiCarlo to Mr. Adler dating back to before October of
9    2002.  Mr. Adler argues that the clock restarted
10   when Mr. DiCarlo signed that 2005 letter agreement.  However,
11   the 2005 letter agreement on its face does not support a
12   claim for fraud.  On its face, the promise contained in the
13   2005 letter agreement was not, in fact, an unconditional
14   promise to deliver Adler 49 percent of the RelyNet stock.
15   Rather, it was a memorandum acknowledging an understanding
16   between the parties.  If Mr. DiCarlo did not deliver
17   49 percent of the stock to Mr. Adler by January 1st, 2006,
18   Mr. Adler would terminate his employment with RelyNet.  As
19   such, Mr. Adler was, in fact, not promised anything in the
20   2005 letter.  Accordingly, this letter agreement cannot
21   sustain his claim for fraud, and, in fact, it does not and
22   did not restart the clock for his fraud claim.
23           Accordingly, Mr. Adler's fraud claim is barred by the
24   statute of limitations, and defendants' motion for summary
25   judgment as to the fraud claim is granted.
```

17

1    Those are the Court's rulings.  Mr. Davis, I'll have
2 you prepare the proposed order with respect to your motion
3 for summary judgment.  Submit it to Mr. Vine.
4    We have a pretrial conference set very soon, I think.
5 When is that set for, Mr. Vine?
6    THE CLERK:  December 16th, your Honor.
7    THE COURT:  Internet Brands and Mr. Adler can discuss
8 whether you want to continue to keep them in the case given
9 the Court's rulings.  That's up to you.  Right now, you're
10 not necessarily out of the case.  When is the pretrial?
11    THE CLERK:  December 16th.
12    THE COURT:  Okay.  Intermedia, you do not have to be
13 here for the December 16th pretrial.  And we'll see everybody
14 on December 16th.  Joint pretrial conference statements are
15 due, what, a week before?
16    THE CLERK:  Seven days prior.
17    THE COURT:  Seven days prior.  Make sure it really is
18 a joint pretrial statement, not a this is my view and this is
19 your view type of statement.  I know there are disagreements.
20 Let's see if you can actually agree on some things and we can
21 focus on what the trial's going to be about.  Okay.
22    MR. PETERSON:  Yes, your Honor.
23    THE COURT:  All right.  Thank you, everyone.
24    (Proceedings concluded at 3:26 p.m.)
25

18

1          I certify that the foregoing is a correct transcript

2    from the record of proceedings in the above-entitled matter.

3

4

5                          /s/ Kelly O'Halloran

6                          KELLY O'HALLORAN, CSR #6660

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25