Daniel D. Quick
Michelle Heikka
Dickinson Wright PLLC
38525 N. Woodward, Ste. 2000
Bloomfield Hills, MI 48304-5092
Phone: (248)433-7242
Fax: (248)433-7274

Attorneys for Defendant
INTERMEDIA OUTDOORS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| DUSTIN K. ADLER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRANDS, INC., a Delaware Corporation, INTERMEDIA OUTDOORS, INC., a Delaware Corporation, A VORTEX MEDIA GROUP, INC., a Delaware Corporation and DOES 1 through 50, inclusively,<br><br>Defendants | CASE NO: 2:08-CV-01333-JAM-EFB<br><br>NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS UNDER 17 U.S.C. § 505 AND 28 U.S.C. § 1927<br><br>Date:       March 3, 2010<br>Time:        9:30<br>Courtroom:   6 |

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

Please take notice that, pursuant to 7 U.S.C. § 505, 28 U.S.C. § 1927 and Fed. R. Civ. P. 54, Intermedia Outdoors, Inc. ("Intermedia"), by and through its counsel, will move for an order awarding it attorneys' fees and costs as the prevailing party in this matter. Intermedia also seeks an award of attorneys' fees and costs against Plaintiff's counsel, jointly and severally, for initiating this frivolous action.

As the prevailing party in this matter, Intermedia is entitled to an award of its costs and fees, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 because Adler's own previous actions and testimony revealed that his claims against Intermedia were frivolous and unreasonable, and lacked any factual or legal support. Adler's own testimony also revealed he brought suit against Intermedia, not to protect his alleged copyright, but to extort money from, what he believed to be, a wealthy defendant. Holding Adler liable for Intermedia's attorneys' fees and costs will further the goals of the Copyright Act and deter future frivolous and unreasonable claims, such as these.

Moreover, Intermedia is entitled to an award of its costs and fees against Adler's counsel, jointly and severally, pursuant to 28 U.S.C. § 1927 because, based upon Adler's own previous actions, and the documents he produced, his counsel should have known his claims lacked any factual support. Adler's counsel, however prosecuted Adler's claims anyway in clear violation of 28 U.S.C. § 1927.

This motion is based upon this Notice, the Motion and Memorandum of Points and Authorities and on such other papers, arguments and evidence as may be presented at the hearing of this motion.

**DICKINSON WRIGHT PLLC**

Dated:  December 29, 2009

/s/   Michelle R. Heikka

*Attorney for Defendant*
*Intermedia Outdoors, Inc.*

DETROIT 35864-17 1141668

Daniel D. Quick
Michelle Heikka
Dickinson Wright PLLC
38525 N. Woodward, Ste. 2000
Bloomfield Hills, MI 48304-5092
Phone: (248)433-7242
Fax: (248)433-7274


Attorneys for Defendant
INTERMEDIA OUTDOORS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DUSTIN K. ADLER, an individual<br><br>       Plaintiff,<br><br>vs.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRANDS, INC., a Delaware Corporation, INTERMEDIA OUTDOORS, INC., a Delaware Corporation, A VORTEX MEDIA GROUP, INC., a Delaware Corporation and DOES 1 through 50, inclusively,<br><br>       Defendants | CASE NO: 2:08-CV-01333-JAM-EFB<br><br>MOTION FOR ATTORNEYS FEES AND COSTS PURSUANT TO 17 U.S.C. § 505 AND 28 U.S.C. § 1927 |

Defendant, Intermedia Outdoors, Inc. ("Intermedia") moves, pursuant to 17 U.S.C. § 505, 28 U.S.C. § 1927 and Fed. R. Civ. P. 54, for an award of attorneys' fees and costs as the prevailing party in this matter. Intermedia also seeks an award of attorneys' fees and costs against Plaintiff's counsel, jointly and severally, for initiating this frivolous action.

In further support of this motion, Intermedia relies upon the attached Memorandum of Law and Points of Authorities and supporting declarations.

WHEREFORE, Intermedia respecfully requests that the Court grant its motion for attorneys' fees and costs and award it the amounts set forth in the accompanying Memorandum of Law and Points of Authorities.

## DICKINSON WRIGHT PLLC

Dated: December 29, 2009

/s/   Michelle R. Heikka

*Attorney for Defendant*
*Intermedia Outdoors, Inc.*

1

Daniel D. Quick
Michelle Heikka
Dickinson Wright PLLC
38525 N. Woodward, Ste. 2000
Bloomfield Hills, MI 48304-5092
Phone: (248)433-7242
Fax: (248)433-7274


Attorneys for Defendant
INTERMEDIA OUTDOORS, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| DUSTIN K. ADLER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRANDS, INC., a Delaware Corporation, INTERMEDIA OUTDOORS, INC., a Delaware Corporation, A VORTEX MEDIA GROUP, INC., a Delaware Corporation and DOES 1 through 50, inclusively,<br><br>Defendants | CASE NO: 2:08-CV-01333-JAM-EFB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C. § 505 AND 28 U.S.C. § 1927 |

MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

Pages

TABLE OF AUTHORITIES............ ....................................................... iii

I.    INTRODUCTION.................... ....................................................... 1

II.    FACTUAL BACKGROUND . ....................................................... 2

    A.    Intermedia's Relationship With RelyNet ........................... 2

    B.    Adler Holds RelyNet Out As TheCopyright
        Holder In The ZeroForum Software.................................. 2

    C.    Adler's Claims Against Intermedia .................................... 4

III.    ARGUMENT ....................... ....................................................... 5

    A.    Intermedia Is Entitled To An Award Of Costs And
        Fees ................................................................................... 5

        1.    Standard For Awarding Costs And Fees Under
              Section 505 Of The Copyright Act ........................... 5

        2.    Adler's Claims Were Frivolous And Unreason-
              able................... ....................................................... 6

              a.    Adler's Direct Infringement Claims Were
                  Unreasonable And Frivolous In Light Of
                  His Own Previous Actions............................. 6

              b.    Adler's Claims For Indirect Infringement
                  Lacked Any Evidentiary Support................... 7

        3.    Adler Brought His Claims For The Improper Pur-
              pose of Extracting A Settlement Not To Protect
              His Alleged Copyright............................................... 9

        4.    An Award Of Fees And Costs Will Advance The
              Goals Of Deterrence And Compensation................. 11

i

B.    Intermedia's Attorneys Fees Are Reasonable ....................    11

C.    Adler's Attorneys Violated § 1927 By Bringing
      Factually Frivolous Claims...................................    12

IV.    CONCLUSION .............................................................    13

MEMORANDUM OF POINTS OF AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351 (S.D.N.Y. 2006) ..................    9, 13

*Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002)..............................................    9

*Fischer v. SJB-P.D.*, 214 F.3d 1115, n. 4 (9th Cir. 2000)...............................    11

*Fogerty v. Fantasy, Inc.*, 519 U.S. 517 (1994) .............................................    6, 11

*Jordan v. Multnomach County*, 815 F.2d 1258 (9th Cir. 1987)................................    11

*Love v. The Mail On Sunday*, 2007 WL 2709975 *5 (C.D. Cal. Sept 7, 2007)........    6, 7, 11

*Neft v. Vidmark, Inc.*, 12 F.3d 1107, *4 (9th Cir. 1993) ...................................    12

*Ory v. Country Joe McDonald*, 2003 WL 22909286, *12 (C.D. Cal. August 5, 2003) .....................................................................................................    6

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986)..............................................................................................    11

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788 (9th Cir. 2007) ...................    8

*Twentieth Century Fox Film Corporation v. Entertainment Distributing*, 429 F.3d 869 2003 .....    5, 6

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403 (9th Cir. 1990)...    11

*West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519 (9th Cir. 1990).........    12


**Statutes**

17 U.S.C. § 505.................    ........................................................................    5, 13

28 U.S.C. § 1927.............................................................................................    1, 12

MEMORANDUM OF POINTS OF AUTHORITIES

## I.    INTRODUCTION

As the Court aptly noted, Intermedia Outdoors, Inc. ("Intermedia") "should not have been named and d[id] not belong in this lawsuit.' 11/18/09 Order, Ex. A, p. 3. Dustin Adler filed the instant action against Intermedia alleging that Intermedia's contract with RelyNet, Inc. for web hosting services infringed a copyright Adler claims to hold in the ZeroForum software used by RelyNet. For almost seven years, however, Adler actively held RelyNet out to Intermedia, and indeed the world, as the rightful owner of the ZeroForum software. It was not until Adler learned of RelyNet's profiting from the sale of the www.Honda-Tech.com website for approximately $2.6 million that Adler decided to assert his copyright in an attempt to extort monies from Intermedia.

Adler's First Amended Complaint sought damages from Intermedia for direct infringement, contributory and vicarious infringement. The Court dismissed Adler's direct infringement claims holding Adler was estopped from asserting his copyright, if any, against Intermedia because he previously held RelyNet out to Intermedia as the rightful owner of the ZeroForum software. The Court also dismissed Adler's claims for contributory and vicarious infringement because Adler admitted he lacked any evidence to support such claims.

Adler's own previous actions and testimony revealed that his claims against Intermedia were frivolous, unreasonable and lacked any factual or legal support. Adler's own testimony also revealed he brought suit against Intermedia, not to protect his alleged copyright, but to extort money from, what he believed to be, a wealthy defendant. Holding Adler liable for Intermedia's attorneys' fees and costs will further the goals of the Copyright Act and deter future frivolous and unreasonable claims, such as these.

Based upon Adler's own previous actions his counsel should have known his claims lacked any factual support. Adler's counsel, however, prosecuted Adler's claims anyway in clear violation of 28 U.S.C. § 1927.

For these reasons, Intermedia asks the Court to enter an Order against Adler and his counsel, jointly and severally, awarding Intermedia the costs and fees it incurred, including reasonable attorneys' fees, in defending Adler's baseless claims.

## II.    FACTUAL BACKGROUND

### A.    Intermedia's Relationship With RelyNet

Intermedia is an outdoor sports-oriented multi-media group providing various sports-oriented content to its subscribers. *See* Robbins Decl., Ex. B at ¶ 4.  As part of its multi-media approach, Intermedia provides its users access to online forums (the "Forums"). *See id.* at ¶ 5. The Forums allow Intermedia users to conduct online "discussions" with each other. *See id.*

In late 2002, Primedia, Inc., Intermedia's predecessor in interest, sought server capacity and software to house and manage the Forums. *See* Wickstrom Dec., Ex. C at ¶ ¶ 3 – 4.  Eric Wickstrom, then with Primedia, a member of an online forum catering to Corvette enthusiasts, observed that the Corvette forums were "powered by ZeroForum.com". *See id.* at ¶ 6.  Mr. Wickstrom went to the ZeroForum.com website which put him in contact with Michael DiCarlo. *See id.* at ¶ 6.

As a result, Primedia contracted with Mr. DiCarlo's company to provide server capacity to host the Forums and the software necessary to manage them, the ZeroForum software at issue in this matter. *See id.* at ¶ 10;  *see also* First Amend. Comp., Ex. D at ¶ 46 (alleging that in 2002, while Plaintiff was still employed there, RelyNet stopped offering licenses to the ZeroForum software and instead required users to purchase its web hosting services).  Consistent with Mr. Wickstrom's research, the Forums initially contained a copyright notice of ZeroForum.com. *See id.* at ¶ 12.  Sometime in 2003, the copyright notice on the Forums changed and indicated that the software was a registered copyright of RelyNet, Inc. *See id.* at ¶ 13.

### B.    Adler Holds RelyNet Out As The Copyright Holder In The ZeroForum Software

From the beginning Adler actively held RelyNet out to the public as the copyright holder in the ZeroForum software.  Adler testified that the software initially contained a copyright notice naming ZeroForum.com as the copyright holder, not Adler. *See* Adler Dep., Ex. F at 90:16 – 20; *see also* Wickstom Decl., Ex. C at ¶ 12.  Zeroforum.com, however, was simply a sales page for RelyNet's web hosting services. *See* Adler Dep., Ex. F at 231:24 – 232:10.

(testifying that registrants at ZeroForum.com ultimately became customers of RelyNet). Indeed, the ZeroForum.com domain registration indicated that the owner could be reached at dustin@relynet.net. *See* ZeroForum.com Registration, Ex. G.

Eventually, the ZeroForum.com website contained a copyright notice naming RelyNet as the copyright holder. *See* Adler Dep., Ex. F at 232:22 – 233:2; *see also* ZeroForum.com Snapshot, Ex. H. Adler testified that he knew the ZeroForum.com website indicated it was copyrighted by RelyNet. *See* Adler Dep., Ex. F at 233:10 – 19.

Moreover, soon after RelyNet began hosting Intermedia's Forums, the copyright notice on the Forums themselves indicated that RelyNet held the copyright in the software. *See* Wickstrom Dec., Ex. C at ¶ 13. Adler testified that he knew the ZeroForum software contained a copyright notice indicating that RelyNet owned the copyright in the software. *See* Adler Dep., Ex. F at 230:14 – 231:12.

Adler also testified that he had full and unfettered access to the RelyNet servers and could easily have changed the copyright notice on both the ZeroForum.com website and the ZeroForum software. *See id.* at 47:24 – 48:2. Adler, however, did nothing to correct the misinformation being conveyed to the public. *See id.* at 233:10 – 19. Adler never even asked DiCarlo to fix the copyright notice to name Adler as the copyright holder. *See id.* at 230:14 – 231:12. Instead, Adler testified that he "understood why DiCarlo would want to represent that RelyNet held the copyright on the software[]" and intentionally and knowingly stood silent while RelyNet held itself out to the public as the owner of the software. *See id.* at 230:14 – 231:12.

Indeed, even after RelyNet terminated his employment, Adler failed to inform Intermedia of his alleged ownership in the ZeroForum software. In October, 2005, Adler sent RelyNet a letter demanding that RelyNet stop using the software. *See* Cease and Desist Letter, Ex. I. Adler knew in 2005 that Intermedia, then Primedia, was a client of RelyNet. *See* Adler Dep., Ex. F at 227:3 – 6. Adler, however, failed to take any steps to inform Intermedia of his alleged ownership of the ZeroForum software. *See id.* at 220:10 – 22 (testifying that he did not inform Intermedia of is ownership until his attorney sent out cease and desist letters). Indeed, it was not

3

MEMORANDUM OF POINTS OF AUTHORITIES

until late 2008, after Adler learned of RelyNet's sale of the www.Honda-Tech.com website to Internet Brands, Inc. for approximately $2.6 million, that Adler finally decided to assert his alleged copyright and send Intermedia a letter informing it of his alleged ownership. *See* Adler Dep., Ex. F at 227:7 – 15.

### C.    Adler's Claims Against Intermedia

Adler filed his First Amended Complaint just months after finally informing Intermedia of his alleged ownership of the ZeroForum software, in February, 2009. By this time, Intermedia had relied upon the faulty copyright notice for almost seven years. In his First Amended Complaint, Adler alleged that Intermedia, through its use of RelyNet's web hosting services, directly violated his alleged copyright by copying, displaying or distributing his ZeroForum software. *See* First Amend. Comp., Ex. D at ¶ ¶ 5 – 60. Adler also alleged that Intermedia's use of RelyNet's web hosting services constituted either contributory infringement or vicarious infringement. *See id.*

Intermedia filed its Motion for Summary Judgment on October 7, 2009, alleging, among other things, that: (i) Adler was estopped from asserting his alleged copyright against Intermedia because he actively held RelyNet out to the public as the owner of the software; (ii) Intermedia and its users did not directly infringe Adler's alleged copyright because they never copied the software; (iii) Intermedia, and its users, copied only the HTML instructions generated by RelyNet's servers and such copying constituted fair use; (iv) Adler's contributory infringement claim failed as a matter of law because Intermedia did not know, or have reason to know, of the alleged infringement by its users; and (v) Adler's vicarious infringement claim failed as a matter of law because Intermedia lacked the requisite control over RelyNet required to state such a claim.

The Court granted Intermedia's motion on November 18, 2009. The Court held that Adler was estopped from asserting his copyright against Intermedia because Adler held RelyNet out to Intermedia as the owner of the ZeroForum software both while working at RelyNet and after his termination in 2005. *See* 11/18/09 Order, Ex. A.    The Court also held that Adler's contributory infringement claim failed because, by Adler's own admission, Intermedia did not

know, or have reason to know, of any alleged infringement. *See id.* Lastly, the Court dismissed Adler's vicarious infringement claims because Intermedia lacked any control over RelyNet and its use of the ZeroForum software. *See id.* In short, Adler's claims against Intermedia were factually baseless and legally unsupportable.

As a direct result of Adler's factually and legally baseless claims, Intermedia incurred substantial attorneys' fees, costs and expenses. The aggregate total of such costs, fees and expenses billed through December 29, 2009[1] is $154,146.49. Attached hereto as Exhibits J and K are declarations setting forth the costs, fees and other expenses Intermedia incurred in great detail. *See* Quick Decl., Ex. J; *see also* Kirby Decl., Ex. K.

Intermedia now moves for an order awarding Intermedia its costs and fees as the prevailing party in this matter..

### III.    ARGUMENT

**A.    Intermedia Is Entitled To An Award Of Costs And Fees**

**1.    Standard For Awarding Costs And Fees Under Section 505 Of The Copyright Act**

Section 505 of the Copyright Act grants trial courts the power to award costs, including reasonable attorneys' fees, to the prevailing party, including a defendant, in a copyright infringement suit. *See Twentieth Century Fox Film Corporation v. Entertainment Distributing*, 429 F.3d 869, 883 (2005) (citations omitted). Section 505 states, in part:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. "An award of attorneys' fees to a prevailing party that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts." *See Twentieth Century Fox Film Corporation*, 429 F.3d at 883. The underlying purpose "of copyright is *not* to reward the labor of authors, but to promote the Progress of Science and useful

---

[1]    Intermedia will incur additional expenses associated with bringing this motion which have not yet been billed. Intermedia will supplement its total fees and costs when those figures become available.

5

Arts." *See Love v. The Mail On Sunday*, 2007 WL 2709975, *5 (C.D. Cal. Sept. 7, 2007) (citing *Fogerty v. Fantasy, Inc.*, 519 U.S. 517, 527 (1994) (emphasis added). "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Id*. As such, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id*. (citing *Fogerty*, 519 U.S. at 527).

There is "no precise rule or formula" in determining a motion for costs and fees. *Fogerty*, 519 U.S. at 534. Instead, "[i]n awarding fees, the district court may consider the following factors: (1) frivolousness; (2)motivation; (3) objective unreasonableness both in the factual and legal components of the case; (4) and the need in particular circumstances to advance the dual goals of compensation and deterrence." *Twentieth Century Fox Film Corporation*, 429 F.3d at 883 (citing *Fogerty*, 510 U.S. at 534 n. 19). Each of these factors weigh in favor of awarding Intermedia its fees and costs.

### 2. Adler's Claims Were Frivolous And Unreasonable

#### a. Adler's Direct Infringement Claims Were Unreasonable And Frivolous In Light Of His Own Previous Actions

It is well settled that bringing claims of infringement long after a copyright holder becomes aware of an alleged infringement is unreasonable. *See Ory v. Country Joe McDonald*, 2003 WL 22909286, *12 (C.D. Cal. August 5, 2003) (barring plaintiff's claims for infringement based upon laches and awarding attorneys fees and costs because plaintiffs claims were unreasonable in light of her own decision to wait to bring suit). Adler not only waited years to assert his alleged copyright, he actively misled Intermedia into believing RelyNet was the rightful owner of the ZeroForum software. Attempting to hold Intermedia liable for Adler's own actions is frivolous and unreasonable.

Throughout his employment with RelyNet, Adler allowed RelyNet to hold itself out to Intermedia as the rightful owner of the ZeroForum software. *See e.g. infra*, Section II.B. Indeed, even while Adler was threatening to take the ZeroForum software and leave RelyNet

because of DiCarlo's alleged failure to issue him stock (and taking steps to carry out that threat), Adler still failed to inform Intermedia of his alleged ownership in the software or demand that RelyNet stop representing it owned the software. *See* Adler Dep., Ex. F at 107:16 – 19.

Upon his termination from RelyNet in 2005, three years after Intermedia began using the ZeroForum software, Adler allegedly revoked RelyNet's license to use the ZeroForum software. *See* Cease and Desist, Ex. I. Adler also finally registered his alleged copyright in the software. *See* First Amend. Comp., Ex. D at ¶ 54. Adler, however, failed to take any steps to inform Intermedia of his alleged ownership in the ZeroForum software, or that RelyNet was not the rightful owner. *See* Adler Dep., Ex. F at 220:2 – 12 (admitting he never informed Intermedia of his alleged ownership until sending a cease and desist letter in 2008). Instead, in late 2008, almost six years after Intermedia first began using RelyNet's web hosting services, Adler finally decided to assert his alleged copyright. *See id.* Thus, in 2008, Adler, for the first time, informed Intermedia of his alleged copyright in the ZeroForum software and immediately filed the instant action. *See* Robbins Dec., Ex. B at ¶ 14.

For almost seven years Adler held RelyNet out as the rightful owner of the ZeroForum software. Asserting infringement claims against Intermedia, in light of his previous actions, is frivolous and unreasonable and weighs in favor of granting Intermedia its attorneys' fees and costs.

### b. Adler's Claims For Indirect Infringement Lacked Any Evidentiary Support

Failing to provide any evidentiary support for a claim evidences the frivolousness and unreasonableness of such claims. *See e.g., Love*, 2007 WL 2709975 at *5. As the Court aptly noted, Adler lacked any evidentiary support for either his contributory or vicarious infringement claims. As such, it was unreasonable and frivolous for Adler to bring such claims against Intermedia.

To state a claim for contributory negligence one must prove that the alleged infringer: (i) had knowledge of another's infringement and (ii) either materially contributes to or induces that infringement. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n.*, 494 F.3d 788, 795 (9th Cir. 2007).

Adler admitted he had "no direct evidence that Intermedia knew, or should have known, of its acts of copyright infringement." *See* Adler Ans. Rogs., Ex. L at No. 26. Indeed, Adler testified that, prior to 2008, he never informed Intermedia of his alleged copyright in the ZeroForum software, his alleged ownership in RelyNet or his business dispute with DiCarlo. *See* Adler Dep., Ex. F at 228:11 – 17 and 242:15 – 21. Instead, Adler actively hid this information from Intermedia because, in his words, it was unwise to air dirty laundry. *See id.* at 242:15 – 21. It was not until Adler decided to go after the "low hanging fruit" of RelyNet's "high profile" clients that he decided to inform Intermedia of his alleged copyright.

Adler similarly lacked any evidentiary support for his vicarious infringement claims. "To state a claim for vicarious copyright infringement, a plaintiff must allege that defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *See Perfect 10, Inc.*, 494 F.3d at 802. To prove "the control element of the vicarious liability test" Adler needed evidence that Intermedia had the legal "right and ability to supervise" RelyNet's allegedly infringing activities. *See Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1173 (9th Cir. 2007). Adler, as a former employee, and alleged co-owner, of RelyNet testified that Intermedia could not require RelyNet to stop using the ZeroForum software. *See* Adler Dep., Ex. F at 243:14 – 22. Indeed, as Adler well knew, even after Intermedia migrated data generated by the Forums from RelyNet servers to Intermedia's servers, RelyNet continued to offer web hosting services to other customers.

Based upon his own testimony, Adler knew he lacked any evidentiary support for his claims for either contributory or vicarious infringement. As such, both claims were frivolous and unreasonable.

For all of the above reasons, the first and third factors weigh in favor of awarding Intermedia its fees and costs.

8

### 3. Adler Brought His Claims For The Improper Purpose of Extracting A Settlement Not To Protect His Alleged Copyright

It is well settled that bringing suit for the sole purpose of extracting money from an alleged infringer constitutes an improper purpose. *See e.g.*, *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351 (S.D.N.Y. 2006); *see also Coles v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002). In *Baker*, the court awarded defendant its attorneys' fees and costs noting that:

> [R]ather than pursuing resolution of a fairly minor dispute in good faith, the record suggests that [plaintiff] (and his counsel) filed and maintained this suit in an attempt to extract a significant payment from perceived 'deep pocketed' defendants

*Baker*, 431 F.Supp.2d at 358 – 358. Just as in Baker, Adler brought suit for the sole purpose of extracting a settlement from what he perceived to be a deep pocket, or in his words, a "high profile" RelyNet customer.

Adler testified that, upon his termination, RelyNet had "hundreds" of customers. *See* Adler Dep., Ex. F at 223: 11 – 13. Adler, however, brought suit against just two of these customers, Intermedia and VW Vortex. According to Adler, when he learned of RelyNet's sale of the www.Honda-Tech.com website, he began investigating "high profile" RelyNet customers. *See id.* at 223:14 – 24. According to Adler, "high profile" customers were customers "that made us a lot more money than others[.]" *Id.* According to Adler, Intermedia was a "high profile" RelyNet customer. *See id.*

Adler testified he brought suit against Intermedia, not to protect his alleged copyright, but because Intermedia, unlike RelyNet's other infringing customers, appeared to have the most money:

> Q.    Did whether or not a customer was a high-profile customer in your mind play into your decision as to whether or not to include them as a defendant in this lawsuit?
> . . .
> A.    . . . [I]t didn't seem prudent to pursue litigation against people that did not have money to pay out because you can't squeeze blood from a rock.
> Q.    It's not prudent to you to force people to stop infringing your copyright?

MEMORANDUM OF POINTS OF AUTHORITIES

A.    Comparing the cost of litigation in including them compared to the amount of possible recovered damages, it just didn't work out financially.

Q.    Is this lawsuit just about damages or about preserving your copyright in the software?

. . .

A.    This particular lawsuit is to deal with the low-hanging fruit.

Q.    What does that mean?

A.    To deal with those defendants that seem the highest profile.

Q.    The ones with the most money?

A.    Yes.

Q.    Are the clients who bring in less money any less infringing your software than Intermedia is in your mind?

A.    No.

*Id.* at 224:8 – 225:11.

Adler was so sure Intermedia would eventually settle this matter that he never calculated the damages he allegedly incurred as a result of Intermedia's alleged infringement. Indeed, Adler, after amending his pre-trial disclosures twice, never provided a damages analysis related to Intermedia's use of the software. *See e.g.*, 7/2/09 Disclosure, Ex. M; and 8/17/09 Disclosure, Ex. N. Further Adler's damages expert, Christopher Whittaker, limited his analysis to Adler's alleged share of RelyNet's sale of the www.Honda-Tech.com website to Internet Brands. *See* Expert Report, Ex. O. Whittaker further testified that, while he was aware of other defendants, including Intermedia, he: (i) did not know of Adler's claims against Intermedia; (ii) did not analyze Adler's alleged damages related to Intermedia; and (iii) was not asked to provide an analysis of Adler's alleged damages related to Intermedia. *See* Whittaker Dep., Ex. P at 17:21 – 19:1 and 56:2 – 25; 51:5 – 54:2; 56:2 – 25. Indeed, Whittaker testified that Adler's counsel first asked him about damages attributable to Intermedia the morning of his deposition. *See id.* at 17:21 – 19:1.

Adler never calculated his alleged damages from Intermedia's use of the software because he hoped to survive Intermedia's motion for summary judgment and extract a settlement from a "high profile" "low hanging fruit" defendant. In short, Adler gambled and lost. Adler's improper attempt to extort monies from Intermedia weighs in favor an award of attorneys' fees and costs.

10

**4.    An Award Of Fees And Costs Will Advance The Goals Of Deterrence And Compensation**

In determining an award for fees and costs, "the question is whether a successful defense of the action furthered the purposes of the Copyright Act, not whether a fee would do so." *See Love*, 2007 WL 2709975 at \*5 (citing *Fogerty*, 510 U.S. at 527). A successful defense furthers the purposes of the Copyright Act when it clearly demarcates the boundaries of liability. *See id.* Similarly, an award of costs and fees can deter future plaintiffs from bringing factually unsupportable claims. *See id.* Such is the case here.

Intermedia's defense of Adler's claims clearly marked the boundaries of liability. While the boundaries of estoppel are sometimes unclear, determining that Adler was estopped from asserting his copyright against Intermedia because of his own actions in holding RelyNet out as the true copyright holder clearly draws the line for future plaintiffs. Moreover, by clearly determining liability, Intermedia's successful defense will deter future plaintiffs from bringing factually and legally unsupportable claims in the future.

For these reasons, the fourth factor weighs in favor of an award of fees and costs. As all four factors weigh in favor of an award, Intermedia is entitled to recoup its costs and fees, including reasonable attorneys' fees.

**B.    Intermedia's Attorneys Fees Are Reasonable**

Upon determining a party is entitled to an award of costs and fees, the Court must determine that the fee request is reasonable. To determine what fee should be awarded, the court must first determine the 'lodestar,' which is the number of hours reasonably expended on litigation multiplied by a reasonable rate. *See Microsoft Corp. v. Evans*, 2007 WL 3034661 \*16 (E.D. Cal. 2007). The lodestar figure "is presumed to be the reasonable fee contemplated by the statute." *Id.* (citing *City of Riverside v. Rivera*, 477 U.S. 560, 568 (1986)).

The prevailing market rate is indicative of a reasonable hourly rate. *See id.* Intermedia's counsel's fees range from $500 to $190 per hour. *See* Quick Dec., Ex. J at ¶¶ 11 and 13; *see also* Kirby Dec., Ex. K at ¶ 6. These rates are within the market rates found in both Detroit and in Sacramento. *See* Quick Dec., Ex. J at ¶ 17; *see also* Meyer Dec., Ex. Q at ¶ 3. Similarly, fees

for paralegals working with Intermedia's counsel range from $160 to $165 per hour. These rates are within the market rates found in Detroit. *See* Quick Dec., Ex. J at ¶ 17. The time Intermedia's counsel expended defending this matter is also reasonable. *See* Quick Dec., Ex. J at ¶ 17.

Nothing in this matter presents a "rare and exceptional case" requiring a reduction in Intermedia's fees and costs. The strong presumption that the lodestar figure represents a reasonable fee should not be disturbed. Intermedia's attorneys' fees are reasonable and should not be reduced.

### C.     Adler's Attorneys Violated § 1927 By Bringing Factually Frivolous Claims

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (1988). In determining a motion for fees pursuant to § 1927, the Court must determine that the offending attorney acted in bad faith. *See Neft v. Vidmark, Inc.*, 12 F.3d 1107, *4 (9th Cir. 1993) (unpublished) (citing *West Coast Theater Corp. v. City Of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990)). An attorney acts in bad faith when he "proceed[s] with the litigation despite a complete lack of factual support." *Id.* Such is the case here.

Had Adler's counsel conducted a minor investigation into Adler's previous actions, or even reviewed the documents Adler produced, they would have immediately recognized that his claims against Intermedia lacked any factual support. Adler knew that the ZeroForum software contained a copyright notice naming RelyNet as the copyright holder. *See* Adler Dep., Ex. F at 230:14 – 231:12. Adler knew that the ZeroForum.com website contained a copyright notice naming RelyNet as the copyright holder. *See id.* at 233:10 – 19. Moreover, Adler knew he had the access to RelyNet's servers needed to correct this allegedly incorrect information. *See id.* at 47:24 – 48:2. Indeed, throughout the litigation Adler produced documents evidencing that the ZeroForum.com website contained a copyright notice naming RelyNet as the copyright holder. *See* ZeroForum.com snapshot, Ex. H. Adler knew he actively hid his business dispute and his alleged ownership of the ZeroForum software from Intermedia. *See* Adler Dep., Ex. F at 242:15

12

– 21. Adler also knew Intermedia lacked any control over RelyNet's business operations. *See id.* at 243:14 – 22. In short, simply asking Adler about his previous actions would have revealed he lacked the factual support necessary to support his claims against Intermedia.

At best Adler's counsel failed to inquire into Adler's previous actions and/or knowledge. At worst, Adler's counsel actively chose to ignore the fact that his claims lacked any factual support. Given Adler's testimony indicating he brought suit, not to protect his alleged copyright, but to extort funds from perceived "high profile" RelyNet customers, the latter seems the most plausible explanation. *See* Adler Dep., Ex. F at 224:8 – 225:11; *see also Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 357 – 358 (S.D.N.Y. 2006) (finding a § 1927 violation when counsel prosecuted claims for the purpose of extracting a settlement). More troubling, Adler's counsel continued these proceedings against Intermedia even after the factual deficiencies of Adler's claims were revealed through Adler's own document productions and deposition testimony. Counsel's prosecution of this matter while knowing Adler's claims lacked any factual support violates § 1927. For these reasons, Intermedia respectfully asks for an award of its costs and fees, jointly and severally, against Adler's counsel.

## IV.    CONCLUSION

As the Court aptly noted, Adler never should have filed suit against Intermedia. Intermedia is entitled to an award of costs and fees, pursuant to § 505, against Adler. Adler's own actions and testimony indicate his claims were frivolous, unreasonable and brought for an improper purpose. Intermedia's successful estoppel defense clearly drew the lines of liability under the Copyright Act and will deter future plaintiffs from bringing factually and legally unsupportable claims. Moreover, Intermedia's fees and costs are reasonable. Similarly, Adler's counsel is liable for Intermedia's costs and fees because they chose to prosecute this matter

MEMORANDUM OF POINTS OF AUTHORITIES

knowing Adler's claims against Intermedia lacked any factual support.   For each of these reasons, Intermedia asks the Court to enter an Order, against Adler and his counsel, jointly and severally, awarding Intermedia $154,146.49 in costs and fees, including reasonable attorneys' fees.

**DICKINSON WRIGHT PLLC**

Dated:  December 29, 2009

/s/   Michelle R. Heikka

*Attorney for Defendant*


## CERTIFICATE OF SERVICE


I hereby certify that on December 29, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which shall serve a copy of the same upon all counsel of record.

**DICKINSON WRIGHT PLLC**

/s/   Michelle R. Heikka

*Attorneys for Defendant*

*Intermedia Outdoors, Inc.*

DETROIT 35864-17 1140525v5

14

MEMORANDUM OF POINTS OF AUTHORITIES