John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSTIN K. ADLER, an individual,<br><br>        Plaintiff,<br>    vs.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRAND, INC., a Delaware corporation, INTERMEDIA OUTDOORS, INC., a Delaware corporation, VORTEX MEDIA GROUP, INC., a Delaware corporation, and DOES 1 through 50, inclusively,<br><br>        Defendants.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively,<br><br>        Counterclaimants,<br>    vs.<br><br>DUSTIN K. ADLER, an individual,<br><br>        Counterdefendant. | Case No. 2:08-CV-01333-JAM-EFB<br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>---<br><br>Trial Date:   January 25, 2010<br>Time:         9:00 a.m.<br>Courtroom:    6<br><br>Hon. John A. Mendez |

Pursuant to Local Rule 163(b)(1) and the Court's December 17, 2009 Pretrial Order, Plaintiff Dustin K. Adler, submits the attached proposed jury instructions.

Respectfully submitted,

DATED: January 22, 2010         **MILSTONE, PETERSON & WATTS, LLP**
*Attorneys at Law*

By:     /s/ GLENN W. PETERSON
                GLENN W. PETERSON

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
/s/ Glenn W. Peterson



-1-
PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

# PLAINTIFF'S PROPOSED INSTRUCTION 3.10-- COPYRIGHT INTERESTS —WORK MADE FOR HIRE
## (17 U.S.C. § 201(b)) (9th Cir. 17.9 Supp.)

An employment (or commissioning) relationship at the time the work is created is a condition for creation of a work for hire.

(See Comment to 9th Circuit Model Instruction 17.9, regarding supplemental instruction. S*ee also Urantia Foundation v. Maaherra*, 114 F.3d 955, 961 (9th Cir.1997)).

## PLAINTIFF'S PROPOSED INSTRUCTION 3.12-- COPYRIGHT INTERESTS — WAIVER OR ABANDONEMENT

Waiver or abandonment of copyright occurs only if there is an intent by the copyright proprietor to surrender rights in his work. Abandonment of such rights, however, must be manifested by some overt act that indicates a purpose to surrender the rights and allow the public to copy. Courts are reluctant to find copyright waiver and corollary loss of all copyright protection in works, even where the copyright proprietor provides access to his copyright protected work and allows others to use such works. Such a drastic result should occur if, and only if, the copyright owner clearly demonstrates his intent to relinquish copyright protection in original works of authorship and allow the public to copy.

*A&M Records, Inc. et al. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001); *National Comics Publications v. Fawcett Publications*, 191 F.2d 594, 598 (2nd Cir.); *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960).

## PLAINTIFF'S PROPOSED INSTRUCTION 3.13.1-- COPYRIGHT INTERESTS — ESTOPPEL

(1) The party to be estopped must know the facts;

(2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended;

(3) the latter must be ignorant of the true facts; and

(4) he must rely on the former's conduct to his injury

In determining whether defendants were ignorant of Adler's claim of ownership, you may consider whether DiCarlo made any attempt to correct the impression of RelyNet employees and others that Adler was the creator of the software.

### Authorities

*Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 203); see also, *Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United States of America v. Ronald L. Leonard*, 2009 WL 2985476 *15, 40 (E.D. Cal.))

## ADLER PROPOSED INSTRUCTION 3.14 IMPLIED LICENSE

A license can by implied by a party's conduct. *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990)

A party may be found by its conduct to have granted another party an implied license to use its copyrighted work where the party:

1.  created a work at the other's request; and

2.  handed it over, intending that the other copy and distribute it. *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharms., Inc.*, 211 F.3d 21, 25 (2d Cir.2000)


Adler's delivery of a copy of software is not dispositive, it is simply a factor to consider.

The relevant intent is Adler's objective intent at the time of the creation and delivery of the software as manifested by the parties' conduct. In determining his intent, you may consider (1) whether the parties were engaged in a short-term discrete transaction as opposed to an ongoing relationship; and (2) whether Adler's conduct during the creation or delivery of the copyrighted material indicated that use of the material without his involvement or consent was permissible.

*Asset Marketing Systems, Inc. v. Gagnon*, 542 F.3d 748, 756 (9th Cir. 2008).

## ADLER PROPOSED INSTRUCTION 3.14.1-- IMPLIED LICENSE

Defendants claim that the parties entered into an implied contract which gave them the right to use Adler's source code. To prove that such a contract was created, the defendants must prove all the following: (1) that the contract terms were clear enough that the parties could understand what each was required to do; (2) that the parties agreed to give each other something of value; and (3) that the parties agreed to the terms of the contract. (See CACI 302)

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract. (See CACI 305)

## AUTHORITIES

("[N]onexclusive licenses are revocable absent consideration.") *Asset Marketing Systems, Inc. v. Gagnon,* 542 F.3d 748, 756-57 (9th Cir. 2008); see also, *Avtec Sys., Inc. v. Peiffer,* 21 F.3d 568, 574 n. 12 (4th Cir.1994); *Keane Dealer Servs., Inc. v. Harts,* 968 F.Supp. 944, 947 (S.D.N.Y.1997); *Johnson v. Jones,* 885 F.Supp. 1008, 1013 n. 6 (E.D.Mich.1995). This is so because a nonexclusive license supported by consideration is a contract. See *Jacob Maxwell,* 110 F.3d at 752-53 (construing an implied nonexclusive license supported by consideration as an implied contract); I.A.E., 74 F.3d at 776 ("[I]mplied licenses are like implied contracts. ...."); *Effects,* 908 F.2d at 559 n. 7 (noting that an implied license is "a creature of law much like any other implied-in-fact contract"); 3 NIMMER, § 10.01[C][5] & n. 73.1 (observing that a license can be a form of contract in the sense that it is, "in legal contemplation, merely an agreement not to sue the licensee for infringement.").

As a general rule, <u>state law governs the interpretation of copyright contracts</u>, unless a particular state rule of construction would "so alter rights granted by the copyright statutes as to invade the scope of copyright law or violate its policies." *Fantastic Fakes, Inc. v. Pickwick International, Inc.*, 661 F.2d 479, 483 (5th Cir.1981). See also 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 12.01[A], at 12-8 n. 19 (1996). For that reason, we have used the CACI instructions on implied contract formation.

# PLAINTIFF'S PROPOSED INSTRUCTION 4.1 COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT – CLAIM ONE
(Cal. Penal Code §502(c)(4))

On the defendants' first Comprehensive Computer Data Access and Fraud Act claim, the defendants have the burden of proving all of the following by a preponderance of the evidence:

1. The plaintiff, while acting outside the scope of his employment, altered, damaged, deleted, or destroyed data, computer software, or computer programs;

2. The data, computer software, or computer programs resided or existed internal or external to a computer, computer system, or computer network;

3. The data, computer software, computer programs, computer, computer system, or computer network were owned by the defendants;

4. The plaintiff acted knowingly;

5. The plaintiff acted without permission; and

6. The plaintiff's actions caused damage or loss to the defendants.

(Cal Penal Code § 502, subd. (h)(1); *Chrisman v. City of Los Angeles,* 155 Cal.App.4th 29, 36 (2007); *Mary M. v. City of Los Angeles,* 54 Cal.3d 202, 209 (1991))

**PLAINTIFF'S PROPOSED INSTRUCTION 4.3 COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT – SCOPE OF EMPLOYMENT EXCEPTION**
(Cal. Penal Code §502(h)(1))

You may not find Dustin Adler liable under the Comprehensive Computer Data Access and Fraud Act if he was acting within the scope of his employment at RelyNet. For purposes of this law, a person acts within the scope of his or her employment when he or she performs acts which are reasonably necessary to the performance of his or her work assignment. Additionally, one may be acting within the scope of employment even where his or her conduct violates the rules of his or her employment, violates the employee's official duties or disregards the employer's express orders. Similarly, acts done by an employee that do not benefit the employer or acts that are willful or malicious in nature may nevertheless be within the scope of employment.

(Cal Penal Code § 502, subd. (h)(1); *Chrisman v. City of Los Angeles,* 155 Cal.App.4th 29, 36 (2007); *Mary M. v. City of Los Angeles,* 54 Cal.3d 202, 209 (1991))

# PLAINTIFF'S PROPOSED INSTRUCTION 4.2 COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT – CLAIM TWO
(Cal. Penal Code §502(c)(8))

On the defendants' second Comprehensive Computer Data Access and Fraud Act claim, the defendants have the burden of proving all of the following by a preponderance of the evidence:

1.   The plaintiff, while acting outside the scope of his employment, introduced a computer contaminant into a computer, computer system, or computer network;

2.   The computer, computer system, or computer network was owned by the defendants;

3.   The plaintiff acted knowingly; and

4.   The plaintiff's actions caused damage or loss to the defendants.

(Cal Penal Code § 502, subd. (h)(1); *Chrisman v. City of Los Angeles,* 155 Cal.App.4th 29, 36 (2007); *Mary M. v. City of Los Angeles,* 54 Cal.3d 202, 209 (1991))