John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DUSTIN K. ADLER, an individual,

          Plaintiff,

   vs.

RELYNET, INC., a California Corporation,
MICHAEL DICARLO, an individual,
INTERNET BRAND, INC., a Delaware
corporation, INTERMEDIA OUTDOORS,
INC., a Delaware corporation, VORTEX
MEDIA GROUP, INC., a Delaware
corporation, and DOES 1 through 50,
inclusively,

          Defendants.

RELYNET, INC., a California Corporation,
MICHAEL DICARLO, an individual, and
DOES 1 through 50, inclusively,

          Counterclaimants,

   vs.

DUSTIN K. ADLER, an individual,

          Counterdefendant.

Case No. 2:08-CV-01333-JAM-EFB

**PLAINTIFF'S BENCH BRIEF
REGARDING HEARSAY ISSUES**

Trial Date:    January 25, 2010
Time:         9:00 a.m.
Courtroom:  6

 Hon. John A. Mendez

MILLSTONE
PETERSON&
WATTS, LLP

In consideration of defendants' numerous hearsay objections, Plaintiff offers this bench brief to further inform the Court and to facilitate argument on said objections.

**ISSUE:**    Can Adler offer third party statements (forum posts/ web logs/ e-mails) which reflect an understanding or belief that Adler was a co-owner of RelyNet as evidence to explain Adler's conduct, including his reasonable reliance on DiCarlo's statements/conduct assuring Adler joint ownership of RelyNet?

**1)  The statements are not hearsay under FRE 801.**

    a)  <u>Statements not offered for the truth of the matter asserted</u>

The third party statements are not offered for the truth of the matter asserted and are therefore not hearsay under FRE 801.  "The significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." FRE 801, Advisory Committee Note to Subdivision (c).  (citing  *Emich Motors Corp. v. General Motors Corp.,* 181 F.2d 70 (7th Cir.1950), rev'd on other grounds 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534).

A statement by one person that is heard or read by another may be admissible to prove what the latter should have known or understood, or what the latter was told to do and might have done for that reason, and such uses of statements are considered nonhearsay uses that do not require any exception at all.   Sometimes the point is to explain why a person behaved as he did, since words read in print or heard in conversation can motivate or inform the person who reads them or hears them spoken. (See FN[1]; see C.B. Mueller & L.C. Kirkpatrick, *Federal Evidence* (Westlaw, May 2009) ["FEDEV"] §8.20; see also § 8:71).

---

[1][FN4] *Second Circuit: U.S. v. Salameh*, 152 F.3d 88, 112, 50 Fed. R. Evid. Serv. 602 (2d Cir. 1998) (in trial for terrorism in World Trade Center bombing, admitting materials discussing "desirability of attacking enemies of Islam" and "how to produce and use explosives").
*Third Circuit: Rinehimer v. Cemcolift, Inc.,* 292 F.3d 375, 383, 58 Fed. R. Evid. Serv. 1562 (3d Cir. 2002) (letting supervisor describe what plaintiff's doctor said, which explained why supervisor did not let plaintiff return as foreman and wear respirator).
*Fifth Circuit: U.S. v. Cantu*, 876 F.2d 1134, 1137, 28 Fed. R. Evid. Serv. 484 (5th Cir. 1989) (admitting informant's statements to defendant, offered by defense to support entrapment, to prove informant's persistence and defendant's resistance).
*Sixth Circuit: Bush v. Dictaphone Corp.*, 161 F.3d 363, 367, 50 Fed. R. Evid. Serv. 956, 42 Fed. R. Serv. 3d

MILLSTONE
PETERSON &
WATTS, LLP

**PLAINTIFF'S BENCH BRIEF REGARDING HEARSAY ISSUES**

In *U.S. v. Darby*, 744 F.2d 1508, 1524, 16 Fed. R. Evid. Serv. 941 (11th Cir. 1984), for example, evidence that a lawyer told party A that "they" knew location of A's brother was not hearsay; its purpose was to show "impact of the making of the statement, whether true or false, on A's inclination to tell the truth").

Similarly, statements to defending parties about the claimant in a discrimination suit may be admitted to help show that defendant *acted reasonably* and did not discriminate because there was reason to think that the claimant was not properly performing his duties or was engaging in misconduct.  (See FN[2]; see FEDEV §8.20)

The statements we offer are not being offered to prove that Adler was in fact a co-owner; instead, they are being offered to show that statements were made by third parties who believed Adler was a

---

224, 1998 FED App. 0347P (6th Cir. 1998) (admitting statements by corporate decisionmakers that they were told plaintiff was "abusive or unstable," admissible nonhearsay).

*U.S. v. Branham*, 97 F.3d 835, 853, 45 Fed. R. Evid. Serv. 649, 1996 FED App. 0324P (6th Cir. 1996) (statement by confidential government informant to defendant were nonhearsay when offered in support of entrapment defense).

*Seventh Circuit: U.S. v. Levine*, 5 F.3d 1100, 1107, 39 Fed. R. Evid. Serv. 559 (7th Cir. 1993) (in trial for hiring assassin who killed defendant's brother and latter's wife and tried to kill son, admitting evidence that brother and wife accused defendant of stealing, which showed motive and state of mind).

*Martinez v. McCaughtry*, 951 F.2d 130, 133–134, 34 Fed. R. Evid. Serv. 776 (7th Cir. 1991) (in murder trial, admitting statements by co-offender threatening victim before defendant fired fatal shot; statements were not hearsay showing defendant heard them) (quoting this Treatise).

*Eighth Circuit: Garner v. Missouri Dept. of Mental Health*, 439 F.3d 958, 960 (8th Cir. 2006) (admitting evidence that defendant was told that plaintiff received money from patient's social security check; discharge rested on ground that plaintiff bought things from patients, which was different; the proof explained why defendant investigated, helped refute claim that failing to terminate others who bought from patients showed discrimination).

*Tenth Circuit: U.S. v. Morales-Macias*, 855 F.2d 693, 695, 26 Fed. R. Evid. Serv. 641 (10th Cir. 1988) (admitting testimony that brother said person he could find in bar in El Paso would take him to New Mexico for $500, offered to explain why witness went to bar and rode in car).

[2]*First Circuit: Ramirez Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 425 F.3d 67, 76–77, 68 Fed. R. Evid. Serv. 574 (1st Cir. 2005) (in suit alleging age discrimination, admitting report and physician statements to show that superiors "had reason, based on a thorough investigation, to believe" that plaintiff engaged in misconduct).

*Second Circuit: Cameron v. Community Aid For Retarded Children, Inc.*, 335 F.3d 60, 65, 63 Fed. R. Evid. Serv. 397 (2d Cir. 2003) (in suit alleging improper firing, admitting reports in hands of plaintiff's supervisor).

*Eighth Circuit: Wolff v. Brown*, 128 F.3d 682, 685, 47 Fed. R. Evid. Serv. 1440 (8th Cir. 1997) (in suit by employee alleging discrimination, admitting employee memoranda, offered by defendant, to show basis of decision to fire plaintiff).

*Ninth Circuit: Haddad v. Lockheed California Corp.*, 720 F.2d 1454, 1456, 14 Fed. R. Evid. Serv. 661 (9th Cir. 1983) (in employment discrimination suit, admitting complaints about working with plaintiff to show nondiscriminatory intent).

-2-

PLAINTIFF'S BENCH BRIEF REGARDING HEARSAY ISSUES

co-owner, which supports Adler's own belief that he was a co-owner and shows that Adler *acted reasonably* in relying on DiCarlo's statements and conduct demonstrating equal ownership. Put differently, it was not just in Adler's mind that he was a co-owner, disinterested third parties also held the same belief because of statements and/or conduct by DiCarlo. Furthermore, DiCarlo was aware (or should have been aware) of these statements and made no effort to deny them or set the record straight. Ultimately, the statements-- merely based upon the fact that there were made-- tend to explain Adler's conduct and the reasonableness of his belief that he was a co-owner. Adler's state of mind about his co-ownership is highly relevant to the claims, defenses—and even jury instructions—in this case. For example, defendants' claim of estoppel requires the jury to consider whether the party to be estopped (Adler) "knew the facts" (i.e., that DiCarlo believed RelyNet owned ZeroForum) (See Stipulated Jury Instr. No. 3.13). This defense also involves the defendants' "right to believe" Adler intended his conduct to be acted upon (See Instruction No. 3.13.1) Waiver (another defense asserted in this case) involves a similar issue—whether Adler "intended to relinquish or surrender" his copyrights (See Instruction No. 3.12). The same is true of the "implied license" defense. This requires proof of Adler's intent that defendants use of his source code "without Adler's involvement" was permissible. Lastly, defendants' counterclaims under Cal. Penal Code § 502 require a showing that Adler accessed a computer "owned by defendants" and "acted without permission." See Proposed Instructions Nos. 4.1, 4.2 and 4.3. Adler must be permitted to offer any proper evidence that is explanatory of his conduct, or that shows he reasonably believed that he was a co-owner of RelyNet at all relevant times before his was fired. Such evidence is especially appropriate given that the Section 502 counterclaims require evidence of a "specific intent" as a matter of law. See Cal Penal Code § 502(c) [requiring "malice"]; see also *Crawford v. City Of Los Angeles*, 175 Cal.App.4[th] 249, 255 (2009); *Chrisman v. City of Los Angeles,* 155 Cal.App.4th 29, 36 (2007) [requiring "trespassory intent"].

Under California law, a statement by the declarant may be admitted if it tends to show the mental state or attitude of the person who heard it or read it. See *People v. Marsh* (1962) 58 Cal.2d 732, 737; *People v. Reeder* (1978) 82 C.A.3d 543, 550; *Stewart v. Estate of Bohnert* (1980) 101 C.A.3d

PLAINTIFF'S BENCH BRIEF REGARDING HEARSAY ISSUES

1   978; *People v. Bolden* (1996) 44 C.A.4th 707, 715 [message to arson defendant was not hearsay, as

2   it was offered to show that defendant had motive to set the fire]; 1 Jefferson, California Evidence

3   Benchbook 3d, §1.28 et seq.; 2 McCormick 5th, §249; 6 Wigmore (Chadbourn Rev.) §1789.)

4       Here, the third party statements are not hearsay (offered to prove Adler was in fact a co-owner),

5   but they are admissible to show Adler's reaction to them and DiCarlo's reaction or lack of one.

6   Where the good faith or the reasonableness of the conduct of a person is in question, statements of

7   others on the basis of which the person acted may be shown. (See *Central Heights Imp. Co. v.*

8   *Memorial Parks* (1940) 40 C.A.2d 591; *Gilbert v. Gilbert* (1950) 98 C.A.2d 444, 446; *Weber v.*

9   *Leuschner* (1966) 240 C.A.2d 829, 839; *Silva v. Lucky Stores* (1998) 65 C.A.4th 256, 265

10  [reasonableness of employer's investigation into employee's alleged misconduct before firing him];

11  29 Am.Jur.2d (1994 ed.), Evidence §666.)

12

13  **2)  Statements As Adoptive Admissions.**

14      If the statements are being offered to prove the truth of the matter asserted (that "A belief existed

15  that Adler was a co-owner"), then there is an argument that the statements are still not hearsay under

16  FRE 801 because they are admissions by party-opponent in that the statements are offered against

17  DiCarlo and are statements of which DiCarlo has manifested an adoption or belief in its truth.  In

18  essence, the statements reflect DiCarlo's belief that Adler believed that he was a co-owner and such

19  statements are reflective of information disseminated by DiCarlo himself.   In order to demonstrate

20  that a party has "adopted" statement of a third party under this rule governing adoptive admissions, it

21  must be shown that party has manifested its adoption or belief in the statement's truth. *U. S. v.*

22  *American Tel. and Tel. Co.*, D.C.D.C.1981, 516 F.Supp. 1237.  DiCarlo has done that in this case;

23  see Trial Exhibit 19 (e-mail to third party, copied to Adler, wherein DiCarlo refers to Adler as "co-

24  owner" of RelyNet).

25  / / /

26  / / /

27  / / /

28  / / /

-4-

PLAINTIFF'S BENCH BRIEF REGARDING HEARSAY ISSUES

**3)  Statements As Inherently Reliable; Judged for Weight, Not Admissibility.**

Even if the statements are being offered to prove the truth of the matter asserted (that "a belief existed that Adler was a co-owner"), there is authority that they are nonetheless admissible under *Microware Systems Corp. v. Apple Computer, Inc.*, S.D.Iowa 2000, 126 F.Supp.2d 1207 (Messages publicly posted on Internet would not be excluded as hearsay on issue of consumer confusion, in trademark infringement suit between computer operating system companies; given prevalence of that mode of communication in parties' industry, inability to cross-examine authors of such postings would go to their weight rather than to their admissibility, and posting were, in any event, admissible as indicative of unavailable declarants' then-existing views).

Respectfully submitted,

DATED:  January 24, 2010                **MILSTONE, PETERSON & WATTS, LLP**
                                        *Attorneys at Law*


By:_____/s/ Glenn W. Peterson_____
                                        Glenn W. Peterson

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
/s/ Glenn W. Peterson

PLAINTIFF'S BENCH BRIEF REGARDING HEARSAY ISSUES