John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN K. ADLER, an individual,<br><br>　　　　Plaintiff,<br>　vs.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRAND, INC., a Delaware corporation, INTERMEDIA OUTDOORS, INC., a Delaware corporation, VORTEX MEDIA GROUP, INC., a Delaware corporation, and DOES 1 through 50, inclusively,<br><br>　　　　Defendants.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively,<br><br>　　　　Counterclaimants,<br>　vs.<br><br>DUSTIN K. ADLER, an individual,<br><br>　　　　Counterdefendant. | Case No. 2:08-CV-01333-JAM-EFB<br><br>**PLAINTIFF'S BENCH BRIEF REGARDING DEFENDANT MICHAEL DICARLO'S INDIVIDUAL LIABILITY FOR COPYRIGHT INFRINGEMENT**<br><br>Trial Date:　January 25, 2010<br>Time:　　　9:00 a.m.<br>Courtroom:　6<br><br>Hon. John A. Mendez |

1

In consideration of the Court's inquiry regarding the individual liability of Defendant Michael DiCarlo for copyright infringement, Plaintiff Dustin K. Adler offers this bench brief to further inform the Court and to facilitate argument regarding this issue.

### I.   ISSUE

Can Defendant DiCarlo be held individually liable for copyright infringement without Plaintiff piercing the corporate veil of Defendant RelyNet, Inc.

### II.   ANSWER

Yes. Individual officers of a corporation can be liable for vicarious copyright liability if the individual has the ability to supervise the infringing conduct and has a direct financial interest in the infringing conduct. *Netbula, LLC v. Chordiant Software, Inc.*, 2009 U.S. Dist. LEXIS 25372 (N.D. Cal. Mar. 20, 2009) (citing *Southern Bell Tel. and Tel. Co. v. Associated Tel. Directory*, 756 F.2d 801, 811 (11th Cir. 1985).)

### III.   DISCUSSION

To state a claim for vicarious copyright infringement, a plaintiff must show that a defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity.[1] *Netbula, LLC v. Chordiant Software, Inc.*, 2009 U.S. Dist. LEXIS 25372 (N.D. Cal. Mar. 20, 2009) (citing *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).)  Accord, *ITSI T.V. Prods., Inc. v. California Auth. of Racing Fairs*, 785 F. Supp. 854, 861 (E.D. Cal. 1992) (finding that a defendant may be vicariously liable for the infringing acts of others when two prerequisites are met: (1) the defendant has the right and ability to supervise the infringing activity of another; and (2) the defendant has an obvious and direct financial interest in

---

[1] Vicarious infringement is a concept related to, but distinct from, contributory infringement. Whereas contributory infringement is based on tort-law principles of enterprise liability and imputed intent, vicarious infringement's roots lie in the agency principles of respondeat superior. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. Cal. 2007). To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise n13 the infringing conduct and (2) a direct financial interest in the infringing activity. The Supreme Court has recently offered (in dictum) an alternate formulation of the test: "One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (internal citations omitted).  See also 3 M. Nimmer & D. Nimmer, Nimmer on Copyrights § 12.04[A][1] at 12-67 (1994) (vicarious liability exists "when the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials . . ." (citing *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 834 (8th Cir. 1992).



exploitation of the copyrighted materials.)  Knowledge of the infringing activity is not a requirement of vicarious liability.  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 931 n.9, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005).  Accord *Netbula, LLC v. Chordiant Software, Inc*., 2009 U.S. Dist. LEXIS 25372 (N.D. Cal. Mar. 20, 2009) (finding that vicarious copyright liability – even of corporate officers-does not require knowledge that the conduct is infringing.  [Netbula, LLC v. Chordiant Software, Inc., 2009 U.S. Dist. LEXIS 25372 (N.D. Cal. Mar. 20, 2009)](#) (citing *MGM Studios, Inc.*, 545 U.S. at 930 n.9; *Novell, Inc. v. Unicom Sales, Inc.*, No. 03 C 2785, 2004 U.S. Dist. LEXIS 16861, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004).)

Defendant Michael DiCarlo ("DiCarlo") is subject to individual liability for copyright infringement in this case because the evidence at trial will establish that DiCarlo expressly supervised the infringing conduct *and* had a direct financial interest in the infringing activity.  In the Ninth Circuit, DiCarlo's conduct warrants imposition of personal liability for Plaintiff's copyright infringement damages.

A.   <u>DiCarlo Had The Right And Ability To Supervise The Infringing Conduct</u>

Corporate officers, shareholders and employees have the right and ability to supervise a corporation's infringing activities when they are "a moving active conscious force behind the corporation's infringement."  [*Netbula, LLC v. Chordiant Software, Inc*., 2009 U.S. Dist. LEXIS 25372 (N.D. Cal. Mar. 20, 2009)](#) (citing *Novell*, 2004 U.S. Dist. LEXIS 16861, 2004 WL 1839117, at * 17 (citing various cases) (internal quotations omitted).)  However, a plaintiff must show more than an officer's mere right and ability to supervise the corporation's conduct generally.  A plaintiff must allege that the defendant had supervisory power over the infringing conduct itself.  *Id*.

The evidence at trial will show that DiCarlo orchestrated and supervised the use, deployment, modification and ultimate sale of the ZeroForum software and ZeroForum-related activities.  It is a matter of fact that DiCarlo not only supervised the infringing conduct – he was a direct participant in that conduct, which further warrants the imposition of vicarious liability.  See *Pinkham v. Sara Lee Corp*., 983 F.2d 824, 834 (8th Cir. 1992) (finding that "an individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who

1  *personally participates* in that activity, is personally liable for the infringement.") (Emphasis
2  added.)[2]  According to his own testimony, DiCarlo was the ultimate decision maker as sole
3  "shareholder" regarding when and how to license ZeroForum, what kind of access RelyNet
4  customers had to ZeroForum, and how ZeroForum would be modified for continued commercial
5  sale.  These facts more than satisfy prong one of the vicarious liability test.  Accord, *Southern Bell*
6  *Tel. & Tel. Co. v. Associated Tel. Directory Publrs.*, 756 F.2d 801, 811 (11th Cir. 1985) (finding that
7  copyright infringement vicarious liability fell on all supervisors of the employee who actually
8  conducted the infringing activity – even if they were ignorant of the infringement.)

9      B.    DiCarlo Had A Direct Financial Interest In The Infringing Activity

10  The essential aspect of the direct financial benefit inquiry is whether there is "a causal
11  relationship between the infringing activity and any financial benefit a defendant reaps," irrespective
12  of the magnitude of the benefit.  *Netbula, LLC v. Chordiant Software, Inc.*, 2009 U.S. Dist. LEXIS
13  25372, 6-7 (N.D. Cal. Mar. 20, 2009) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir.
14  2004).)  There must be an obvious and direct financial interest in the exploitation of copyrighted
15  materials.  *Netbula, LLC v. Chordiant Software, Inc*., 2009 U.S. Dist. LEXIS 25372, 6-7 (N.D. Cal.
16  Mar. 20, 2009) (citing *Adobe Sys. Inc. v. Canus Prod., Inc*., 173 F. Supp. 2d 1044, 1052 (C.D. Cal.
17  2001).)  Where a defendant is a high ranking executive with majority ownership, or receives
18  payments directly related to the infringing activity, he can be held vicariously liable.  *Netbula, LLC*
19  *v. Chordiant Software, Inc*., 2009 U.S. Dist. LEXIS 25372, 6-7 (N.D. Cal. Mar. 20, 2009) (citing
20  *Thoroughbred Software Int'l v. Dice Corp*., 439 F. Supp. 2d 758, 769 (E.D. Mich. 2006); *Symantec*

---

[2] In *Pinkham*, the Eighth Circuit imposed vicarious liability on defendant's shareholder Benedetto finding that "Benedetto was the president and sole shareholder of [defendant] Camex.  The record indicates that he personally approved the [unauthorized] sale of [Plaintiff's books] … Benedetto also approved the price to be charged for copies.  While the record does not reveal whether Benedetto, as sole shareholder of [defendant] Camex, actually profited from this particular transaction, a reasonable inference can be made that Camex anticipated profits from the sale of [Plaintiff's] books.  Benedetto, as sole shareholder of Camex, had a financial interest in the sale of the books.  Viewed as a whole, the relevant facts in the record indicate that Benedetto's involvement in the premium sales of [Plaintiff's] books was 'fundamentally motivated by a profit making intent.  Benedetto's position gave him the ability to supervise the sale of the books.  Benedetto's involvement thus meets the standards for both personal and vicarious liability." *Pinkham,* 983 F.2d at 834.

1  *Corp. v CD Micro, Inc.*, 286 F. Supp. 2d 1265, 1275 (D. Or. 2003); *Playboy Enters. v. Starware*
2  *Publ'g Corp.*, 900 F. Supp. 438, 441 (S.D. Fla. 1995).)

3  At trial, the evidence will show that DiCarlo sold the Honda-Tech.com website "Powered
4  by" Plaintiff's ZeroForum software for $2.6 million dollars. DiCarlo unilaterally negotiated and
5  consummated this transaction with Internet Brands in February 2007 and subsequently reported the
6  $2.6 million as personal income on is federal tax documentation. In addition, the evidence will show
7  that DiCarlo has received a steady and lucrative stream of income derived from selling ZeroForum-
8  related services (including web advertising and web hosting services) since Adler and DiCarlo began
9  working together in early 2003. DiCarlo has continued commercially selling and directly profiting
10 from ZeroForum (which DiCarlo "re-branded" LiveTopic) – despite Plaintiff's October 2005 cease
11 and desist correspondence requesting that DiCarlo discontinue all use of Plaintiff's ZeroForum
12 software. The evidence establishing DiCarlo's "financial interest" in his infringing use of the
13 ZeroForum software is demonstrable and compelling.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully contends that Defendant Michael DiCarlo may be held individually liable for Plaintiff's copyright infringement damages established at trial in this case.

DATED: January 27, 2010        **MILSTONE, PETERSON & WATTS, LLP**
*Attorneys at Law*


By:        /s/ GLENN W. PETERSON
                    GLENN W. PETERSON

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
/s/ Glenn W. Peterson


DATED: January 27, 2010        **COSTELLO LAW CORPORATION**


By:        /s/ PAMELA WINSTON BERTANI
                    PAMELA WINSTON BERTANI

Attorneys for Plaintiff/Counterdefendant
Dustin Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**COSTELLO LAW CORPORATION**
/s/ Pamela Winston Bertani