John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN K. ADLER, an individual,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRAND, INC., a Delaware corporation, INTERMEDIA OUTDOORS, INC., a Delaware corporation, VORTEX MEDIA GROUP, INC., a Delaware corporation, and DOES 1 through 50, inclusively,<br><br>　　　　Defendants.<br>_____<br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively,<br><br>　　　　Counterclaimants,<br>　　vs.<br><br>DUSTIN K. ADLER, an individual,<br><br>　　　　Counterdefendant. | Case No. 2:08-CV-01333-JAM-EFB<br><br>**PLAINTIFF'S BENCH BRIEF REGARDING IMPLIED LICENSE REVOCATION**<br><br>Trial Date:　January 25, 2010<br>Time:　　　9:00 a.m.<br>Courtroom:　6<br><br>Hon. John A. Mendez |

1

PLAINTIFF'S BENCH BRIEF REGARDING IMPLIED LICENSE REVOCATION

In support of Plaintiff's motion under FRCP Rule 50, applicable to Defendants' affirmative defense of implied license, Plaintiff offers this bench brief to inform the Court--specifically, with regard to the case which Plaintiff's counsel referred to in court yesterday afternoon, but was unable to cite by name.  The case in mind was *Carson v. Dynegy, Inc.*, 344 F.3d 446 (5th Cir. 2003); ironically, a case cited by defense counsel during oral arguments yesterday.

**ISSUE:**   Is Plaintiff entitled to judgment as a matter of law on the affirmative defense of "implied license"?

### A.    Consideration Tied To Continuing "At Will" Employment Is Considered Illusory And, Therefore, Cannot Suffice As Consideration To Support An Implied License Post-Employment

It is settled that a "nonexclusive license may be irrevocable if supported by consideration." *Lulirama Ltd., Inc. v. Axcess Broadcast Servs., Inc.*, 128 F.3d 872, 882 (5th Cir.1997).  Such consideration, however, cannot be tied to "at will" employment because it fails to bind the promisor, who always retains the option of discontinuing employment in lieu of performance.  *Carson v. Dynegy, Inc.,* 344 F.3d 446 (5th Cir. 2003).

In *Carson*, a former employee, Carson, brought action against his employer, seeking a declaration that Carson owned the copyright in a worksheet he created using a spreadsheet program. The district court granted summary judgment for the employer, and Carson appealed.  The appellate panel reversed the District Court's finding of implied license, holding that any license granted by an at will employee to his employer was revocable.

At summary judgment, the district judge correctly rejected Dynegy's claims that Carson's continued at-will employment constituted sufficient consideration, as such employment--which Dynegy was free to terminate at any time--was merely an illusory promise. The district court, however, was persuaded that the consideration requirement was satisfied by Dynegy's (i) nominating Carson for a company award consisting of a monetary prize, (ii) planning to award Carson with an annual end-of-year bonus, and (iii) recommending Carson for a promotion. The district court determined that it was immaterial that Carson never received the company award payment, annual bonus, or promotion, because he would have received these benefits had he not been fired due to



-1-

PLAINTIFF'S BENCH BRIEF REGARDING IMPLIED LICENSE REVOCATION

circumstances and events unrelated to the litigation. The appellate court found that those three categories of consideration were nonetheless illusory, since they were never received by Carson and they were dependent upon Carson's continued employment, making them no less illusory than his continued employment in the general sense. "Such a promise would be illusory because it fails to bind the promisor who always retains the option of discontinuing employment in lieu of performance."

> When Carson was terminated, he was disqualified from receiving this putative consideration. Dynegy was not bound by any of these supposed promises because it could--and did--discontinue Carson's employment at its discretion, thereby unilaterally revoking its promises. And, such illusory promises are, as a matter of law, insufficient to constitute adequate consideration.

*Id*. at 452.

Accordingly, Adler is entitled to judgment as a matter of law on RelyNet's affirmative defense that it is the beneficiary of an "implied license". Plaintiff does not seek any damages prior to revocation of the implied license by way of Costello's October 21, 2005 letter. (Trial Exhibit 122). DiCarlo individually would not be entitled to assert this defense at all, since there is no evidence that would support a finding that he personally received any kind of license.

Respectfully submitted,

DATED:  January 30, 2010         **MILSTONE, PETERSON & WATTS, LLP**
                                 *Attorneys at Law*


By:         /s/ GLENN W. PETERSON
                GLENN W. PETERSON

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
/s/ Glenn W. Peterson

-2-
PLAINTIFF'S BENCH BRIEF REGARDING IMPLIED LICENSE REVOCATION