John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN K. ADLER, an individual, <br><br> Plaintiff, <br> vs. <br><br> RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRAND, INC., a Delaware corporation, INTERMEDIA OUTDOORS, INC., a Delaware corporation, VORTEX MEDIA GROUP, INC., a Delaware corporation, and DOES 1 through 50, inclusively, <br><br> Defendants. | Case No. 2:08-CV-01333-JAM-EFB <br><br> **PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 50(a) AS TO CERTAIN DEFENSES RAISED; OBJECTIONS TO CERTAIN PROPOSED JURY INSTRUCTIONS** <br><br> Trial Date: January 25, 2010 <br> Time: 9:00 a.m. <br> Courtroom: 6 <br><br> Hon. John A. Mendez |
| RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively, <br><br> Counterclaimants, <br> vs. <br><br> DUSTIN K. ADLER, an individual, <br><br> Counterdefendant. | |

1

PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 50(a); OBJECTIONS TO CERTAIN JURY INSTRUCTIONS

Plaintiff moves under FRCP Rule 50(a) for judgment as a matter of law applicable to the following defenses raised by RelyNet and/or Michael DiCarlo:

## JOINT AUTHORSHIP
(Instructions 3.7 and 3.8)

No evidence was introduced by which a reasonable jury could conclude that either one of the defendants is a joint author of the copyrighted software. Although we did submit an agreed model jury instruction on this issue (No. 3.7), we did so only because the issue was raised in the Pretrial Conference Order (see p. 3, ¶¶ 6 and 7). However, no evidence exists in the record to support such an instruction. It is well established that a defendant is not entitled to a jury instruction on a defense theory unless there is some evidence before the jury to support it. *United States v. Collom*, 614 F.2d 624, 632 (9th Cir.1979), *cert. denied*, 446 U.S. 923, 100 S.Ct. 1862, 64 L.Ed.2d 278 (1980); *Galdamez v. Potter*, 415 F.3d 1015, 1021 (9th Cir. 2005).

Plaintiff, therefore, objects to Defendants' Proposed Jury Instruction 3.8 and Joint Proposed Instruction 3.7.

## IMPLIED LICENSE
(Instruction No. 3.14)

As noted in our Bench Brief filed yesterday,[1] the evidentiary record in this case cannot support an implied license after Costello's October 21, 2005 letter. (Trial Exhibit 122) This letter DiCarlo acknowledged as notice received from Adler to cease and desist using the software, as well as Adler's assertion of exclusive ownership. Because Plaintiff stipulates to limit its damage claims to time periods following that date, the implied license instruction (RelyNet No. 3.14) would be both unnecessary and improper, and potentially confusing to the jury. We object to No. 3.14 on that basis. There is no evidence in the record by which a reasonable jury could conclude that defendant DiCarlo is the beneficiary of an implied license, so judgment as a matter of law against him is appropriate in

---

[1] It is settled that a "nonexclusive license may be irrevocable if supported by consideration." *Lulirama Ltd., Inc. v. Axcess Broadcast Servs., Inc.*, 128 F.3d 872, 882 (5th Cir.1997). Such consideration, however, cannot be tied to "at will" employment because it fails to bind the promisor, who always retains the option of discontinuing employment in lieu of performance. *Carson v. Dynegy, Inc.,* 344 F.3d 446 (5th Cir. 2003).

-1-

PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 50(a); OBJECTIONS TO CERTAIN JURY INSTRUCTIONS

any event, regardless of the time period in question. At best, DiCarlo might claim implied license entitlements prior to RelyNet's incorporation in October, 2002 (or, at the latest, January, 2003 when payroll was established); in either case, these time periods are well outside the scope of this action-- both on statute of limitations grounds and due to plaintiff's stipulation that damages are not sought prior to October 21, 2005. Alternatively, should the Court conclude that an implied license issue is properly put to the jury, then we request that No. 3.14 be accompanied by 3.14.1 and 3.1.15 (both proposed by Adler). This should satisfy the Court's request for a pinpoint instruction on the issue.

**DERIVATIVE WORK**
(Instruction No. 3.11)

Like implied license, this issue has an extremely narrow scope of relevance to the jury and it has little, if any, bearing on what the jury is to decide. Moreover, since the Court has already determined as a matter of law that versions 2.0.6c and 2.1.2 are derivative of 2.0.5A (siva), and that defendant RelyNet's rights are limited to the 5% new matter contained therein, it is the source of possible confusion to the jury. In consideration of the Court's ruling on Friday regarding the "work for hire" claim, this instruction would clash with the directive that Defendants cannot argue co-ownership, nor can they argue that they cannot be held liable for infringement. Moreover, it is likely to confuse the jury. Note that the first few words of this instruction read: "A copyright owner is entitled to exclude others. . . ." That is enough right there to clash with the Court's ruling, and plenty to confuse the jury as to whether defendants have a right to exclude Adler. The second paragraph again starts with "If the copyright owner exercises the right to create a derivative work. . . ." Confusing to the jury in the same way as the first paragraph would be. Accordingly, instruction No. 3.11 should be disallowed and replaced with the jury instruction Adler has proposed, which is contained in Adler Instruction No. 3.1.15.

/ / /

/ / /

/ / /

/ / /

/ / /

**WORK FOR HIRE**
(Instruction No. 3.9)

Again, this issue has an extremely limited relevance to what the jury is to decide and it goes hand-in-glove with the derivative work issue, since the software content reached by this doctrine would be limited to the same 5% new matter applicable to the derivative work issue. Accordingly, instruction No. 3.9 should be disallowed and replaced with No. 3.1.15 proposed by Adler.

**WAIVER OR ABANDONEMENT**
(Instruction No. 3.12)

In copyright, waiver or abandonment of copyright "occurs only if there is an intent by the copyright proprietor to surrender rights in his work." 4 Melville B. Nimmer & David Nimmer, Nimmer On Copyright ¶ 13.06 (2000); see also *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1114 (9th Cir.1998) (discussing abandonment). Abandonment of such rights, however, must be <u>manifested by some overt act</u> indicative of a purpose to surrender the rights and allow *the public* to copy. *Hampton v. Paramount Pictures Corp.,* 279 F.2d 100, 104 (9th Cir.1960) *cert. denied* 364 U.S. 882, 81 S.Ct. 170, 5 L.Ed.2d 103 (1960); accord *National Comics Publication v. Fawcett Publications,* 191 F.2d 594, 598 (2d Cir. 1951). Lack of action is not enough.

"Evidence of such an overt act is here totally lacking. There was at most lack of action."

*Hampton,* supra, 279 F.2d at 104. Such is the case here. The doctrine of laches does not bar prospective enforcement of a copyright. *Id.* at 279. Defendants have introduced no evidence of an overt act indicative of Adler's intent to surrender his rights to the public. Therefore, Instruction No. 3.12 should be disallowed.

**COPYRIGHT OWNERSHIP/VALIDITY**
(Instructions 3.4 and 3.5)

Given the Court's rulings on Friday, these instructions should be withdrawn. Adler's copyright registrations establish a presumption at law that the facts stated therein are valid.

///

///

///

-3-

### INNOCENT INFRINGEMENT
(Instruction No. 3.19)

Plaintiff is entitled to judgment as a matter of law as to this defense. In order for defendants to avail themselves to this defense, there must be evidence that: (1) they were not aware that their acts constituted infringement; and (2) the defendants had no reason to believe that their acts constituted infringement. The evidence adduced at trial shows exactly the opposite on both counts. As noted above, DiCarlo acknowledged receipt of Costello's October 21, 2005 letter (Trial Exhibit 122) and that this letter put him on notice of Adler's claim of exclusive ownership, and demand to cease and desist using the software. Moreover, DiCarlo testified that he could have replaced ZeroForum with some other bulletin board software, but chose not to.

### MISCELLANEOUS INSTRUCTIONS OBJECTED TO

The following instructions should be withdrawn (or disallowed) due for the reasons noted parenthetically:

No. 210 (Use of Interrogatories) (No interrogatory responses were submitted in evidence).

No. 212 (Charts/Summaries) (None were submitted in evidence)

No. 3.0 (Copyright) (This instruction must be modified in light of the Court's rulings on Friday. We have submitted a proposed modified version).

No. 3.2 (Copyright Subject Matter) (This instruction must be modified in light of the Court's rulings on Friday. We have submitted a proposed modified version).

Respectfully submitted,

DATED: January 31, 2010        **MILSTONE, PETERSON & WATTS, LLP**
*Attorneys at Law*

By:      /s/ GLENN W. PETERSON
              GLENN W. PETERSON

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
/s/ Glenn W. Peterson

-4-

PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 50(a); OBJECTIONS TO CERTAIN JURY INSTRUCTIONS