John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN K. ADLER, an individual, <br><br> Plaintiff, <br> vs. <br><br> RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRAND, INC., a Delaware corporation, INTERMEDIA OUTDOORS, INC., a Delaware corporation, VORTEX MEDIA GROUP, INC., a Delaware corporation, and DOES 1 through 50, inclusively, <br><br> Defendants. | Case No. 2:08-CV-01333-JAM-EFB <br><br> **PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTIONS** <br><br> Trial Date: January 25, 2010 <br> Time: 9:00 a.m. <br> Courtroom: 6 <br><br> Hon. John A. Mendez |
| RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively, <br><br> Counterclaimants, <br> vs. <br><br> DUSTIN K. ADLER, an individual, <br><br> Counterdefendant. | |

1

PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

1   Plaintiff Dustin K. Adler, submits the attached additional proposed jury instructions.

2

3   DATED: January 31, 2010         Respectfully submitted,

4                                   **MILSTONE, PETERSON & WATTS, LLP**
                                    *Attorneys at Law*
5

6                                   By: _____/s/ GLENN W. PETERSON_____
7                                              GLENN W. PETERSON

8                                   Attorneys for Plaintiff/Counterdefendant
                                    Dustin K. Adler
9

10  I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

11  **MILLSTONE PETERSON & WATTS, LLP**
    /s/ Glenn W. Peterson
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


MILLSTONE
PETERSON &
WATTS, LLP

-1-
PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

**ADLER (MODIFIED) PROPOSED INSTRUCTION 3.0  PRELIMINARY INSTRUCTION—COPYRIGHT (9th Cir. 17.0)**

The plaintiff, Dustin Adler, seeks damages against the defendants, Michael DiCarlo and RelyNet, Inc., for copyright infringement.  The defendants, however, assert that Adler is equitably estopped from suing the defendants for infringement, and that Adler failed to mitigate his alleged damages.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.  In this case, the plaintiff obtained a copyright on a computer program; specifically, the code that makes the program work.

### HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work.  After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

### PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Dustin Adler, contends that the defendants, Michael DiCarlo and RelyNet, Inc., have infringed the plaintiff's copyrights.  The plaintiff has met his burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyrights and that the defendants copied original elements of the copyrighted works.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted works were infringed.

1

**LIABILITY FOR INFRINGEMENT**

One who reproduces, prepares derivative works from, distributes, performs, or displays a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

**DEFENSES TO INFRINGEMENT**

The defendants contend that there is no copyright infringement because the plaintiff is equitably estopped by his conduct from claiming copyright infringement.

> **Deleted:** . There is no copyright infringement where the defendant independently created the challenged work, or where the defendant is an owner or a co-owner of the copyrighted works, or where
>
> **Deleted:** or where the plaintiff by his conduct has granted an implied license to the defendant to use the copyrighted works, or where the plaintiff by his words or conduct has waived his right in the copyrighted works
>
> **Deleted: Comment**¶
> ¶
> *See generally* 17 U.S.C. § 101 *et seq.*

2

**ADLER PROPOSED JURY INSTRUCTION 3.1.1**
**(Copyright Registration Not A Prequisite For Ownership)**

Registration is not a prerequisite to a valid copyright, although it is a prerequisite to filing suit.

17 U.S.C. § 408(a), § 411;  See also *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 (9th Cir. 1989)

**ADLER PROPOSED (MODIFIED) INSTRUCTION 3.2  COPYRIGHT—SUBJECT MATTER—GENERALLY (9th Cir. 17.2)**
**(17 U.S.C. § 102)**

The works Versions 2.0.5a Siva, 2.0.6c, and 2.1.2 of the, ZeroForum software involved in this trial are known as:

computer programs, that is, a literary work composed of a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result.

You are instructed that a copyright has been obtained by Plaintiff, Dustin Adler, in Versions 2.0.5a Siva, 2.0.6c, and 2.1.2 of the, ZeroForum software.

[Deleted: may be]

These works can be protected by the copyright law. Only that part of the works comprised of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device is protected by the Copyright Act.

**Comment**

Generally, whether a subject matter is copyrightable is a question of law to be determined by the court. This instruction is designed to inform the jury that the court has determined the subject matter to be appropriately copyrightable. *But see Aidon Accessories, Ltd. v. Spiegel, Inc.,* 738 F.2d 548 (2d Cir.1984) (trial court placed issue of copyrightability of statuette before the jury).

*See* 17 U.S.C. § 101 (defines terms "architectural work," "audiovisual work," "computer program," "digital transmission," "literary works," "motion pictures," "phonorecords," "pictorial, graphic and sculptural works" and "work of visual art." *See also* 17 U.S.C. § 901 *et seq*. (mask work and semi-conductor chip protection). The court may wish to supplement this instruction by providing further instructions addressing these additional terms. For example, the term 'literary works' "does not connote any criterion of literary merit or qualitative value: it includes catalogs, directories and similar factual, reference, or instructional works and compilations of data. It also includes computer data bases, and computer programs to the extent that they incorporate authorship in the programmer's expression of original ideas, as distinguished from the ideas themselves." H.R. Rep. No. 94-1476, at 54 (1976).

**ADLER PROPOSED JURY INSTRUCTION 3.1.15**
**(Issues Already Decided By the Court)**
**(Copyright Validity, Ownership, Derivative Work, Work for Hire,**
**and Implied License)**

The law requires that I decide certain issues of law prior to your deliberations. You are bound in your deliberations to the following findings which I have made:

With respect to the defenses raised, I have already decided as a matter of law as follows:

1. All three copyrights claimed by Adler are valid as a matter of law and Adler is the sole owner of the copyright in ZeroForum version 2.0.5A (siva).
2. As to version 2.0.6 c, I have found as a matter of law that only the portion of the software code added while Adler was employed (approximately 5%) belongs to RelyNet as Adler's employer when that version was written.
3. As to version 2.1.2, I have found as a matter of law that only the portion of the software code added while Adler was employed (approximately 5%) belongs to RelyNet as Adler's employer when that version was written.

With respect to the implied license asserted by defendants, I have already ruled as a matter of law that an implied license, if there was one, terminated on or about October 21, 2005. I have also found that only one of the defendants—RelyNet—is eligible to claim such a license.

**ADLER PROPOSED JURY INSTRUCTION 3.21 -- DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF
(9TH Circuit Model No. 17.20)**

If you find that defendant RelyNet infringed the plaintiff's copyright in the ZeroForum software code, you may consider the plaintiff's claim that defendant Michael DiCarlo vicariously infringed that copyright. The plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. that DiCarlo profited directly from the infringing activity of RelyNet;

2. that DiCarlo had the right and ability to control the infringing activity of RelyNet; and

3. that DiCarlo failed to exercise that right and ability.

If you find that the plaintiff proved each of these elements, your verdict should be for the plaintiff if you also find that RelyNet infringed plaintiff's copyright. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant DiCarlo.

**Comment**

In *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 2776 n.9 (2005), the Supreme Court noted that vicarious liability "allows imposition of liability when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." However, the *Grokster* Court declined to apply the theory. *Id. See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004) ("A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and "has the right and ability to supervise" the infringing activity") (emphasis in original) (quoting *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.2001)).

In certain cases, it may be appropriate to instruct the jury upon the meaning of "control" or "financial benefit" for purposes of vicarious infringement. *See Napster*, 239 F.3d at 1023–24 (defendant's ability to block or police use of its internet service is evidence of the right and ability to supervise); *Fonovisa, Inc. v. Cherry Auction, Inc*., 76 F.3d 259, 262–63 (9th Cir.1996) (detailing the elements of vicarious infringement in the absence of an employer-employee relationship).