STEPHEN L. DAVIS (State Bar No. 149817)
MARK R. LEONARD (State Bar No. 219186)
DAVIS & LEONARD, LLP
8880 Cal Center Drive, Suite 180
Sacramento, California 95826
Telephone: (916) 362-9000
Fax: (916) 362-9066
E-mail: sdavis@davisandleonard.com

Attorneys for Defendants/Counterclaimants
RelyNet, Inc. and Michael DiCarlo

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN K. ADLER, an individual,<br><br>　　　Plaintiff,<br><br>　v.<br><br>RELYNET, INC. a California corporation and MICHAEL DICARLO, an individual, INTERNET BRANDS, INC., a Delaware Corporation, INTERMEDIA OUTDOORS, INC., a Delaware Corporation, VORTEX MEDIA GROUP, INC., a Delaware Corporation and DOES 1 through 50, inclusively,<br><br>　　　Defendants. | CASE NO. 2-08-CV-01333-JAM-EFB<br><br>**DEFENDANTS' REPLY BENCH BRIEF RE PLAINTIFF'S RULE 50 MOTION ON IMPLIED LICENSE ISSUE**<br><br>Trial Date:　January 25, 2010<br>Time:　　　9:00 a.m.<br>Courtroom: 6 |
| RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual,<br><br>　　　Counterclaimants,<br><br>　v.<br><br>DUSTIN K. ADLER, an individual,<br><br>　　　Counterdefendant. | |

/ / /

/ / /

Plaintiff Adler has moved under Rule 50 of the Federal Rules for a motion for judgment on Defendants' implied license defense. Plaintiff cites *Carson v. Dynegy*, 128 F.3d 872, 882 (5th Cir. 1997), for the proposition that "at will" employment is insufficient consideration to support an irrevocable implied license.

The flaw of this argument is that the Court in *Carson v. Dynegy* based its ruling on Texas law, which was the governing law of the dispute. *Id*. at 452 ("To determine whether such non-received benefits can be deemed consideration in the context of an employee-at-will relationship, we examine Texas law"). Texas law appears to take a restrictive view of the adequacy of at will employment as consideration for implied promises by the employee.

The governing law of the employment relations between the parties in this dispute, however, is California law. So far, Defendants have not found any California authority directly on point on this issue. In the absence of clear governing authority consistent with the *Carson v. Dynegy* rule, however, Defendants believe the contrary position is more consistent with existing Ninth Circuit and California law, and is better policy.

<u>Ninth Circuit</u>:  The best available Ninth Circuit authorities on implied licenses are *Effects Assocs., Inc. v. Cohen,* 908 F.2d 555, 558 (9th Cir.1990) ), *cert. denied,* 531 U.S. 872, 121 S.Ct. 173, 148 L.Ed.2d 118 (2000) and *Asset Marketing Systems, Inc. v. Gagnon*, 542 F.3d 748 (9th Cir. 2008). In both cases, an implied license was recognized, barring the plaintiff's claim. These authorities support the general proposition that an irrevocable license must be supported by consideration. In neither case, however, did the precise issue of at will employment as consideration for an irrevocable license arise.

Defendants believe the better reading of these authorities, however, would be that at will employment would be sufficient consideration for an irrevocable license, and that the question of the sufficiency of consideration should go to the jury. There is no logical reason why at will employment should not be sufficient consideration for an irrevocable license. Consider a somewhat different situation: an at will employee signs a nondisclosure agreement. Would the nondisclosure agreement bar the employee from

1 revealing company confidential information after the employee's termination, just because
2 the employee is employed at will? The probable answer would be "no." Similarly, here,
3 there is no obvious reason why Adler's two and a half years of employment and salary
4 would not be sufficient consideration to say that he should be barred from revoking his
5 implied license to Relynet to use the software. An implied license is a kind of implied –at-
6 law contract that arises from all the circumstances of the parties. There is no limiting
7 language in either *Asset Marketing* or *Effects Associates* that appears to restrict implied
8 licenses as Adler advocates.
9 <u>California law</u>: California law holds that employment is presumed to be at will.
10 Cal. Labor Code §2922; *see DiaGicinto v. Ameriko-Omserv, Corp.*, 59 Cal. App. 4th 629,
11 634 (1997). Moreover, an employer of an at will employee may change the terms of
12 employment without being in breach of the employee's employment agreement. An
13 employer may, for example, demote an at will employee, and the employee's acceptance of
14 the demotion may constitute an agreement to accept the new terms. *Id*. at 635-36. Here,
15 the jury could find that Adler's continued employment with Relynet over two and a half
16 years, and acceptance of the salary, constituted, under all the circumstances, an agreement
17 to allow RelyNet permanently to use the software he delivered to it. This position would
18 appear to be consistent with *Asset Marketing* and *Effects Associates*.
19 <u>Policy</u>: A more flexible rule than that advocated by Adler would be better policy.
20 A flexible rule would allow the jury to look at the entire circumstances of Adler's
21 employment, including his salary and its duration, and determine, on the basis of all of the
22 facts, whether Adler had granted an irrevocable, nonexclusive implied license. The jury
23 could find on this record, for example, that delivering software to RelyNet was exactly
24 what Adler was hired by RelyNet to do. Allowing Adler to quit and demand the return of
25 that software could deny RelyNet the benefit of the implied bargain. These are issues for
26 the jury to determine.
27 Defendants accordingly request that the Court deny the Rule 50 motion to bar their
28 implied license defense. Defendants concede that the jury instruction should contain a

DEFENDANTS' REPLY BENCH BRIEF RE PLAINTIFF'S RULE 50 MOTION ON IMPLIED
LICENSE ISSUE

1  sentence that to be irrevocable, an implied license should be supported by adequate
2  consideration. The issue should be allowed to go to the jury, however.
3
4  DATED: January 31, 2010           DAVIS & LEONARD LLP
5
6                                    /s/Mark R. Leonard
7                                    Mark R. Leonard
                                      DAVIS & LEONARD, LLP
8                                    Attorneys for Defendants/Counterclaimants
                                      RelyNet, Inc. and Michael DiCarlo
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' REPLY BENCH BRIEF RE PLAINTIFF'S RULE 50 MOTION ON IMPLIED
LICENSE ISSUE