John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSTIN K. ADLER, an individual,<br><br>Plaintiff,<br>vs.<br><br>RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRAND, INC., a Delaware corporation, INTERMEDIA OUTDOORS, INC., a Delaware corporation, VORTEX MEDIA GROUP, INC., a Delaware corporation, and DOES 1 through 50, inclusively,<br><br>Defendants. | Case No. 2:08-CV-01333-JAM-EFB<br><br>**PLAINTIFF'S BENCH BRIEF REGARDING ILLUSORY PROMISE ISSUE**<br><br>Trial Date: January 25, 2010<br>Time: 9:00 a.m.<br>Courtroom: 6<br><br>Hon. John A. Mendez |
| RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively,<br><br>Counterclaimants,<br><br>vs.<br><br>DUSTIN K. ADLER, an individual,<br><br>Counterdefendant. | |

MILLSTONE PETERSON & WATTS, LLP

Defendants contend that *Carson v. Dynegy, Inc.*, 344 F.3d 446 (5th Cir. 2003) relies on Texas employment law that "appears to take a restrictive view of the adequacy of at will employment as consideration for implied promises. . . ." (Brief, p.2:8) Not so. In fact, California employment law is consistent with the view expressed in *Carson.* Moreover, the "illusory promise" issue is not unique to employment law—the rule comes from contract law generally. It is part and parcel of the "mutuality" requirement for contracts.

"An agreement that provides that the price to be paid, or other performance to be rendered, shall be left to the will and discretion of one of the parties is not enforceable." See *Automatic Vending Co. v. Wisdom*, 182 Cal.App.2d 354, 357 (1960).

"An implied-in-fact ... promise to dismiss an employee only for cause would be illusory if the employer were permitted to be the sole judge and final arbiter of the propriety of the policy giving rise to the discharge." See *Crosier v. United Parcel Service, Inc.*, 150 Cal.App.3d 1132, 1140 (1983); see also *Wilkerson v. Wells Fargo Bank*, 212 Cal.App.3d 1217, 1232 (1989).

As noted in *Third Story Music, Inc. v. Waits*, 41 Cal.App.4th 798, 805 (1995):

> By its ruling that "[u]nder California law, an open term in a contract must be filled in by the party having discretion within the standard of good faith and fair dealing," the court in Perdue was able to impose an objective standard and save an otherwise illusory agreement. (38 Cal.3d at p. 924, 216 Cal.Rptr. 345, 702 P.2d 503, quoting *805 *Lazar v. Hertz Corp*. (1983) 143 Cal.App.3d 128, 141, 191 Cal.Rptr. 849.) Interjection of the implied covenant was "indispensable to effectuate the intention of the parties" and was "justified [by] legal necessity." ( *Lippman v. Sears, Roebuck & Co.*, supra, 44 Cal.2d at p. 142, 280 P.2d 775.)

The Corbin treatise on contracts puts it even more poetically:

> "If what appears to be a promise is an illusion, there is no promise. Like the mirage of the desert with its vision of flowing water which yet lets the traveler die of thirst, there is nothing there. By the phrase 'illusory promise' is meant words in promissory form that promise nothing. They do not purport to put any limitation on the freedom of the alleged promisor. If A makes an illusory promise, A's words leave A's future action subject to A's own future whim, just as it would have been had A said nothing at all." (2 Corbin, Contracts (rev. ed. 1995) § 5.28, p. 142.)



The California Supreme Court long ago acknowledged this basic rule of contracts. If one of the promises leaves a party free to perform or to withdraw from the agreement at his own unrestricted pleasure, the promise is deemed illusory and it provides no consideration. Whether these problems are couched in terms of mutuality of obligation or the illusory nature of a promise, the underlying issue is the same consideration. See *Mattei v. Hopper,* 51 Cal.2d 119, 122 (1958).

Respectfully submitted,

DATED: February 1, 2010

**MILSTONE, PETERSON & WATTS, LLP**
*Attorneys at Law*

By: /s/ GLENN W. PETERSON
GLENN W. PETERSON

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
/s/ Glenn W. Peterson