John P. Costello, Esq. (California State Bar No. 161511)
Pamela W. Bertani, Esq. (California State Bar No. 182672)
**COSTELLO LAW CORPORATION**
331 J Street, Suite 200
Sacramento, California 95814
Telephone No.: (916) 441-2234
Fax No: (916) 441-4254

Glenn W. Peterson, Esq. (California State Bar No. 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSTIN K. ADLER, an individual, | Case No. 2:08-CV-01333-JAM-EFB |
| Plaintiff, | **MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST PURSUANT TO FRCP RULE 59(e)** |
| vs. | |
| RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, INTERNET BRAND, INC., a Delaware corporation, INTERMEDIA OUTDOORS, INC., a Delaware corporation, VORTEX MEDIA GROUP, INC., a Delaware corporation, and DOES 1 through 50, inclusively, | Date: January 25, 2010<br>Time: 9:00 a.m.<br>Courtroom: 6<br><br>Date: April 7, 2010<br>Time: 9:30 a.m.<br>Courtroom: 6 |
| Defendants. | Honorable John A. Mendez |
| RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1 through 50, inclusively, | |
| Counterclaimants, | |
| vs. | |
| DUSTIN K. ADLER, an individual, | |
| Counterdefendant. | |

## I. INTRODUCTION

Plaintiff Dustin K. Adler ("Plaintiff" or "Adler") hereby respectfully moves pursuant to Federal Rule of Civil Procedure, Rule 59(e) to alter or amend the judgment entered herein on February 8, 2010 ("Judgment")[1] to include an award of prejudgment interest.

Under now settled Ninth Circuit law, there is a strong presumption that prejudgment interest is appropriate to make copyright holders whole and to remove incentives for copyright infringement. Prejudgment interest is even more appropriate in cases of willful infringement.

Because Defendants were found liable for infringing Plaintiff's copyright, and because such infringement may properly be viewed as willful, Plaintiff respectfully asks the Court to alter or amend the Judgment under Federal Rule of Civil Procedure, Rule 59(e) to award Plaintiff prejudgment interest as more fully detailed herein.

## II. FACTS

After a jury trial on a single claim for copyright infringement against defendants RelyNet and DiCarlo (collectively, "Defendants"), Plaintiff prevailed and pursuant to the Judgment was awarded $1,110,699.00 in damages against both Defendants. It is readily apparent that the jury's damage award was based upon half of the sales proceeds from Internet Brands ($2.6 million), less $380,000 allocated to other assets. The evidence was undisputed that RelyNet received the sales proceeds on February 15, 2007. Moreover, the verdict against DiCarlo was premised upon Jury Instruction No. 25[2], which means that the jury found the following:

1. that DiCarlo profited directly from the infringing activity of RelyNet;
2. that DiCarlo had the right and ability to control the infringing activity of RelyNet; and
3. that DiCarlo failed to exercise that right and ability.

The foregoing findings alone are a strong indication of willful infringement, and there was abundant evidence to support such a conclusion. After DiCarlo locked Plaintiff out of the RelyNet facilities in August 2005, Plaintiff's counsel sent Defendants a cease and desist correspondence dated October 21, 2005, in which Plaintiff requested that Defendants completely discontinue use of

---

[1] Dkt. 229
[2] Jury Instruction No. 25 is attached as Exhibit "A" to the Declaration of Glenn W. Peterson ("Peterson Decl.").



Plaintiff's copyrighted ZeroForum Software. (Trial Exhibit 122) In correspondence dated December 29, 2005, Defendants' counsel expressly stated that Defendants would completely discontinue its ZeroForum use and migrate onto an entirely different software platform. (letter attached as Exhibit "B" to the Peterson Decl.) However, Defendants surreptitiously continued licensing ZeroForum commercially – and nearly two years later, in February 2007, ultimately sold ZeroForum to Internet Brands via the February 15, 2007 Asset Purchase Agreement ("APA") for $2.7 million. (Trial Exhibit 159)

### III.   LAW AND ARGUMENT

#### A.   Standard for Award of Prejudgment Interest

Under Federal Rule of Civil Procedure, Rule 59(e) a district court possesses the power to alter or amend a judgment after its entry. It is well-settled that a post-judgment motion for prejudgment interest is properly made under Rule 59(e). *McCalla v. Royal MacCabees Life Ins. Co.,* 369 F.3d 1128, 1134 (9th Cir. 2004); see also *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 175 (1989).

An award of prejudgment interest is generally available in copyright infringement cases and has been held especially appropriate in cases where willful infringement is involved. Both the Ninth and the Seventh Circuit have held that prejudgment interest is available in cases of willful violations of § 504(b), observing that prejudgment interest is, as a general matter, routinely available for willful violations of federal law. See *Polar Bear Productions, Inc. v. Timex Corp.,* 384 F.3d 700, 717 (9TH Cir. 2004). Such is the case here.

The *Polar Bear* court took on the (then) novel issue of whether a copyright plaintiff in an action under the 1976 Copyright Act is entitled to prejudgment interest on his damage award. After reviewing the decisions of other circuits on this issue as well as its own decision in *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.,* 886 F.2d 1545, 1552 (9th Cir. 1989) (finding prejudgment interest available under the 1909 Copyright Act), it was noted that, although the 1976 Act was silent on the question, courts have found it appropriate to award prejudgment interest, particularly where there is willful harm. Thus, precedent existed for its award elsewhere.

///

The reasoning used by the Ninth Circuit examined why interest ought to be awarded. The award of damages and profits compensates for the loss, but does not necessarily make the plaintiff whole. There is, inevitably, delay in identifying infringement, bringing an action and recovery. The award of prejudgment interest discourages this delay and compensates the copyright holder not only for the infringement, but also allowing him to maximize his recovery.

> It is not difficult to imagine a case involving undisputed copyright infringement--as is the case here--in which prejudgment interest may be necessary to discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees. Nor does the ability to recover multiple forms of remedies render prejudgment interest superfluous. Frequently, a copyright plaintiff can only recover one type of remedy, be it actual damages or indirect profits, and the statutory availability of both remedies does not mitigate harm caused by delay in making reparations--a harm the remedy of prejudgment interest is uniquely tailored to address. Simply put, prejudgment interest is a different remedy for a different harm. Because prejudgment interest may be necessary at times to effectuate the legislative purpose of making copyright holders whole and removing incentives for copyright infringement, we hold that the district court erred in concluding that prejudgment interest is unavailable under the Copyright Act of 1976, and we remand for further consideration.

*Id*. at 718.

Under federal law, the rate of both prejudgment and postjudgment interest is the fifty-two week Treasury Bill rate as defined in 28 U.S.C. § 1961, unless the district court finds on substantial evidence that a different prejudgment interest rate is appropriate. *Blanton v. Anzalone (II)*, 813 F.2d 1574, 1575-1576 (9th Cir.1987); *Blanton v. Anzalone (I)*, 760 F.2d 989, 992-93 (9th Cir.1985); *Western Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1288-89 (9th Cir.1984)

Even where damages are not liquidated or readily ascertainable, courts have the power to award prejudgment interest on unliquidated damages when necessary to compensate the plaintiff fairly. *Miller v. Robertson*, 266 U.S. 243, 258, 45 S.Ct. 73, 79, 69 L.Ed. 265 (1924); see also *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., supra,* 886 F.2d at p.1552.

> Awarding prejudgment interest on the apportioned share of [copyright] defendant's profits is consistent with the purposes underlying the profits remedy. Profits are awarded to the [copyright] plaintiff not only to compensate for the plaintiff's injury, but also and primarily to prevent the defendant from being unjustly enriched by its infringing use of the plaintiff's property. [Citations] For the restitutionary purpose of this remedy to be served fully, the defendant

> generally should be required to turn over to the plaintiff not only the profits made from the use of his property, but also the interest on these profits, which can well exceed the profits themselves.

*Frank Music,* 886 F.2d at 1552.

In *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 655 (1983) the Supreme Court stated the objective of a prejudgment interest award in intellectual property infringement actions: "In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer [not infringed]." Echoing that sentiment, the Ninth Circuit has declared that "[p]rejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." *Sea Hawk Seafoods, Inc. v. Exxon Corp. (In re the Exxon Valdez)*, 484 F.3d 1098, 1101 (9th Cir. 2007).

The award of prejudgment interest is, nonetheless, discretionary and, when awarded, is calculated by the court. *In re Slatkin*, 525 F.3d 805, 820 (9th Cir. 2008); *General Motors Corp.,* 461 U.S. at 655-57 (the trial court has discretion in deciding the rate of interest and whether the interest should be compounded.); *Oak Harbor Freight Lines,* 513 F.3d at 961 (" … a district court can use certain shortcuts to achieve a fair figure for the interest to avoid numerous calculations.") (internal quotation omitted).[3]  When calculating prejudgment interest, the Ninth Circuit directs that "pre-judgment interest is intended to cover the lost investment potential of funds to which the plaintiff was entitled, from the time of entitlement to the date of judgment." *Nelson v. EG & G Energy Measurements Group, Inc.,* 37 F.3d 1384, 1391-92 (9th Cir. 1994).  It further directs that "[i]t is the Treasury bill rate during this interim that is pertinent, not the Treasury bill rate at the time of judgment." *Id.*  The rationale is that this approach compensates plaintiff as though it "had invested the withheld funds at the 52-week Treasury bill rate and then reinvested the proceeds annually at the new rate." *Id.*  See also *Western Pacific Fisheries, Inc. v. S.S. President Grant*, 730 F.2d 1280, 1289

---

[3] See, e.g. *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627-28 (9th Cir. 2007) (affirming use of interest rate significantly higher than required by 28 U.S.C. §1961 and affirming monthly compounding); *Micro Motion, Inc. v. Exac Corp.,* 761 F.Supp. 1420, 1436 (N.D. Cal. 1991) (awarding prejudgment interest based on plaintiff's returns from investments it made in a private investment account but refusing on equity grounds to compound those returns).

(9th Cir. 1984) (same); *Caplan v. Cna Financial Corp.,* 573 F.Supp.2d 1244, 1252 (N.D. Cal. 2008) (same); *Minton v. Deloitte and Touche Usa Llp Plan,* 631 F.Supp.2d 1213, 1220 (N.D. Cal. 2009) (same).

### B.    Why Plaintiff is Entitled to an Award of Prejudgment Interest.

Plaintiff prevailed against Defendants on his claim of copyright infringement. The verdict against Defendant DiCarlo was premised upon Jury Instruction No. 25, which means that the jury found that: (1) DiCarlo profited directly from the infringing activity of RelyNet, (2) DiCarlo had the right and ability to control the infringing activity of RelyNet; and (3) DiCarlo failed to exercise that right and ability.  The jury's finding indicates that the infringement in this case was found to be willful.  Moreover, there is ample evidence in the record to support the fact that Defendants willfully infringed Plaintiff's copyright.[4]  Based upon the foregoing alone, an award of prejudgment interest would be proper in order to compensate Plaintiff for the time he was deprived of lost profits and license fees and to put him in as good of a position as he would have been had Defendants not willfully infringed his copyright. See *Polar Bear Productions, Inc. v. Timex Corp., supra,* 384 F.3d at p. 718.  Additionally, an award of prejudgment interest would effectuate the legislative purpose of removing incentives for willful copyright infringement. *Id.*

Plaintiff's claim of copyright infringement in this case arose on August 1, 2005 when Defendants unlawfully asserted ownership and control over Plaintiff's ZeroForum Software.  Not only was Plaintiff left without a paycheck from RelyNet after such time, he also was unable to collect any license fees/revenue on the use of his ZeroForum software.  However, for purposes of this motion, Plaintiff's entitlement to prejudgment interest can easily be calculated from date that Defendants sold the Website powered by Plaintiffs ZeroForum software to Internet Brands, Inc. (February 15, 2007) through the date that the Judgment was entered (February 8, 2010)[5].  The interest due thereon should be the amount Plaintiff would have earned had he invested the value of his share of the sale proceeds of the software, as determined by the jury ($1,110,669), at the weekly

---

[4] See Plaintiff's counsel cease and desist correspondence (Trial Exhibit 122) and Defendants' response thereto (attached as Exhibit "B" to the Peterson Decl.)  See also Excerpts Of Deposition Of RelyNet PMK ("RelyNet PMK Depo.") 82:1 – 83:20 attached as Exhibit "C" to Peterson Decl.
[5] Dkt. 229

-5-

MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST

average 1-year constant maturity US Treasury rate on the date of the sale and then reinvested those proceeds annually at the rate effective on the date of each annual reinvestment. There is no reason to deviate from 28 U.S.C. section 1961(b), and interest should be compounded annually. Based upon the foregoing, the calculation for prejudgment interest is as follows:

| Principal Amt | Applicable Dates | T-Bill Maturity Date[6] | T-Bill rate[7] | Interest Earned | Running Amt |
|---|---|---|---|---|---|
| $1,110,669 | 2/15/2007 – 2/14/2008 | 2/9/2007 | 5.07% | $56,310.92 | $1,166,979.92 |
| $1,166,979.92 | 2/15/2008 – 2/14/2009 | 2/15/2008 | 2.04% | $23,806.39 | $1,193,736.31 |
| $1,193,736.31 | 2/15/2009 – 2/8/2010 | 2/13/2009 | 0.60% | $7,162.41 | $1,200,898.22 |
| | | | | | |
| Total Judgment amount plus prejudgment interest | | | | | $1,200,898 |
| Total prejudgment interest | | | | | **$90,229** |

### IV.    CONCLUSION

Plaintiff prevailed against Defendants on his claim of copyright infringement and there jury awarded damages based upon Jury Instruction No. 25 indicating that such infringement was likely willful. Additionally, there is ample evidence in the record that Defendants willfully infringed Plaintiffs copyrights. An award of prejudgment interest is appropriate in this case to compensate Plaintiff for the time he was deprived of lost profits and license fees and serves the purpose of

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[6] This is the date of the weekly average 1-year constant maturity Treasury rate on the date that Adler became entitled and the date of each annual reinvestment (the closest date possible).
[7] See Peterson Decl., Exhibit "D" [table of monthly 52-Treasury Bill interest rates].

-6-

disincentivizing willful copyright infringement. As such, Plaintiff respectfully requests that the Court grant Plaintiff's motion to alter or amend to Judgment to include a prejudgment interest award of $90,229.

DATED: March 3, 2010                    **COSTELLO LAW CORPORATION**

*-and-*

**MILSTONE, PETERSON & WATTS, LLP**
*Attorneys at Law*

By:         /s/ GLENN W. PETERSON
                    GLENN W. PETERSON

Attorneys for Plaintiff/Counterdefendant
Dustin K. Adler

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
/s/ Glenn W. Peterson