IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUSTIN K. ADLER, an individual,

        Plaintiff,

   v.

RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1-50, inclusively,

        Defendants.
_____/

RELYNET, INC., a California Corporation, MICHAEL DICARLO, an individual, and DOES 1-50, inclusively,

        Counterclaimants,

   v.

DUSTIN K. ADLER, an individual,

        Counterdefendant.
_____/

No. Civ. 2:08-CV-01333 JAM EFB

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

1

This matter, having come before the Court on Plaintiff Dustin Adler's Motion for Attorneys' Fees and Costs and this Court having considered the briefs and conducted oral examination of the parties at the April 7, 2010 hearing, the Court hereby rules as follows:

As the Court indicated at the April 7, 2010 hearing, Plaintiff is seeking attorneys' fees and costs pursuant to 17 U.S.C. § 505.  Title 17 U.S.C § 505 of the Copyright Act states, "[e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." In applying this provision, district courts are charged with two tasks: first, deciding whether an award of attorneys' fees is appropriate, and second, calculating the amount of fees to be awarded." Traditional Cat Ass'n v. Gilbreath, 340 F.3d 829, 832-33 (9th Cir. 2003). Factors that may be considered by a court in deciding whether to award fees include: (1) the degree of success obtained by the prevailing party, (2) the frivolousness of the losing party's claim, (3) the motivation of the losing party, (4) the reasonableness of the losing party's legal and factual arguments, (5) the need to advance considerations of compensation and deterrence, (6) the purposes of the Copyright Act, and (7) whether the chilling effect of attorney's fees may be too great or impose an equitable burden on an impecunious plaintiff. See Wall Data Inc.

v. L.A. County Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006).

As indicated at the hearing, the Court finds Plaintiff is entitled to attorneys' fees and costs as the prevailing party, however, the Court does not find that Plaintiff attained complete success in the litigation.  Notably, Plaintiff lost his defense against Defendants' Penal Code § 502 claim, lost his copyright claim against Intermedia Outdoors, Inc., and Plaintiff was not found to be the prevailing party in his claim against Internet Brands, Inc.  As such, the Court hereby discounts Plaintiff's fee and cost request to account for Plaintiff's limited success.  In addition, the Court reduces Plaintiff's bill for unnecessarily duplicative work and inefficiency.

Here, Plaintiff submitted inadequate documentation of attorneys' fees and costs to the Court.  As such, the Court is without a reasonable guide to determine what portion of the fees billed are those in which Plaintiff is entitled.  Nevertheless, where a district court must apportion fees, "the impossibility of making an *exact* apportionment does not relieve the district court of its duty to make *some* attempt to adjust the fee award in an effort to reflect an apportionment."  Traditional Cat Ass'n v. Gilbreath, 340 F.3d 829, 833 (9th Cir. 2003).

Accordingly, IT IS HEREBY ORDERED that:

3

1. The Court deducts $5,310.50 in objectionable costs from Plaintiff's cost request of $22,107.50.  As indicated at the April 7, 2010 hearing, a late filing of the bill of costs does not affect the Court's ability to award costs under Federal Rule of Civil Procedure 54 or under Local Rule 292.  Thus, the Court awards a total of $16,797.00 in costs to Plaintiff.

2. In considering Plaintiff's attorneys' fees request, the Court notes that there was no objection to the rate being charged by Plaintiff's attorneys.  Rather, the objection concerned the number of excessive hours billed.  After considering Plaintiff's limited success and the unnecessary duplicative work and inefficiencies of Plaintiff's counsel, the Court awards a total of $291,045.00 in attorneys' fees to Plaintiff.

Accordingly, it is hereby ordered that Plaintiff's Motion for Attorneys' Fees and Costs is GRANTED.  Plaintiff is entitled to an award of attorneys' fees and costs in the amount of $307,842.00.

IT IS SO ORDERED.

Dated: April 8, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4